In the Matter of the Claim of LIZZIE WAKEFIELD, Respondent, against WORLD-TELEGRAM and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— This is an appeal by the employer and insurance carrier from an award of the State Industrial Board made in favor of the widow and two minor children of Hugo Wakefield. The sole question is whether the shooting arose out of and in the course of the employment of the deceased. Hugo Wakefield was employed by the *World-Telegram* to drive a delivery truck which was kept in the Excelsior Garage. When his day's work was finished it was his duty to return the truck to the garage and before placing it in its position to drive it to a gasoline pump where it was filled with gasoline. On the day of the shooting while the deceased was on the seat of his truck and the truck was being filled with gasoline he was shot by another employee of the *World-Telegram* who was not working that day but who had a day off and who had come to the garage completely intoxicated and had secured from his locker the revolver with which he shot the deceased. The accident arose out of and in the course of his employment. (*Matter of Markell* v. *Green Felt Shoe Co.*, 221 N. Y. 493; *Matter of Leonbruno* v. *Champlain Silk Mills*, 229 id. 470.) Award affirmed, with costs to the State Industrial Board. McNamee, Crapser,

Bliss and Heffernan, JJ., concur; Rhodes, Acting P. J., dissents. (See *Schlener v. American News Co.*, 240 N. Y. 622.)