In the Matter of the Claim of ABE CHARBAZIAN, Respondent, against REGINA NOVELTY CORP., Employer, and STATE INSURANCE FUND, Appellant. STATE INDUSTRIAL BOARD, Respondent.— A coemployee suddenly became demented, and struck claimant on the head several blows with a wrench. An award has been given for the injuries so received. (Matter of Wakefield v. World-Telegram, 249 App. Div. 884; affd., 274 N. Y. 517.) Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Crapser, Bliss, Heffernan and Schenck, JJ.

·In the Matter of the Application of AGNES L. LEONARD, Doing Business under the Name and Style of RILEY'S LAKE HOUSE, Petitioner, for an Order of Review against HENRY E. BRUCKMAN, Chairman, Mrs. JOHN S. SHEPPARD and Others, Constituting the State Liquor Authority of the State of New York, Respondents.— This is a proceeding under article 78 of the Civil Practice Act for a review of the action of the State Liquor Authority of the State of New York in suspending for a period of ten days the summer restaurant liquor license to petitioner. Petitioner is the holder of such a license for premises located in the city of Saratoga Springs on the east side of Lake Lonely, known as Riley's Lake House. Riley's Lake House consists of a one-story building containing a dining room and a bar. The building is situated upon a large tract of land about one-eighth of a mile from the public highway. There are other buildings on the property. Petitioner was charged by the State Liquor Authority with permitting gambling on the licensed premises. The proof shows that gambling took place in a building entirely separate and distinct from the building known as Riley's Lake House and for which the license was issued. In connection with the application for the license petitioner was required to and did attach a copy of the lease of the premises to be licensed. This lease specifically excepted the property where the testimony showed gambling occurred. There is no evidence whatsoever that petitioner had any connection with or supervision over the building where gambling took place. The determination of the State Liquor Authority is annulled on the law and facts, with fifty dollars costs and disbursements, the order suspending petitioner's license is revoked and the State Liquor Authority is directed to return to petitioner such license. Crapser, Heffernan and Schenck, JJ., concur; Hill, P. J., and Bliss, J., dissent. [See ante, p. 1081.]