In the Matter of the Claim of JACOB SCHIFF, Respondent, against BOW-MADE COAT CO. and (AMERICAN) LUMBERMEN'S MUTUAL CASUALTY COMPANY OF ILLINOIS, Appellants. STATE INDUSTRIAL BOARD, Respondent.— The employer and insurance carrier have appealed from an award for disability compensation in favor of the claimant. The employer was engaged in the manufacture of ladies' coats. Claimant was employed as a presser. The State Industrial Board found that on January 17, 1941, the claimant reached the door of his employer's premises and that while he was off the public highway and on the employer's premises and while holding the doorknob for the purpose of opening the door he slipped and fell and received the injuries for which compensation was allowed. The only issue is whether or not the accidental injuries arose out of and in the course of employment. The evidence sustains the finding of the State Industrial Board. Award unanimously affirmed, with costs to the State Industrial Board. Present —. Hill, P. J., Crapser, Heffernan, Schenck and Foster, JJ.

In the Matter of the Claim of MARY MORAN (JOSEPH MORAN, Deceased), Respondent, against MORAN TRANSPORTATION LINES and FIREMENS FUND INDEMNITY Co., Appellants. STATE INDUSTRIAL BOARD, Respondent.— This is an appeal from an award of the State Industrial Board pursuant to the provisions of the Workmen's Compensation Law for death benefits in favor of the widow and minor daughter of the deceased employee. The employer was engaged in the business of freight transportation and the decedent was employed as a checker. On the morning of February 7, 1941, while decedent was engaged in the regular course of his employment and while checking freight in a truck at his employer's loading platform on the employer's premises, an unidentified stranger approached and shot decedent, causing injuries which resulted in his immediate death. The assailant was unidentified and has never been apprehended, nor has appellant produced substantial proof indicating the reason or motive for the assault. The State Industrial Board has found that the injuries which resulted in the death of the deceased employee were accidental injuries and arose out of and in the course of his employment. There is substantial evidence to sustain the finding, and the award should be affirmed. (*Matter of Wakefield* v. *World-Telegram*, 249 App. Div. 884; affd., 274 N. Y. 517; *Matter of Heimroth* v. *Elk Transportation Company, Inc.*, 259 App. Div. 944; 263 App. Div. 917; affd., 288 N. Y. 716; *Matter of Christiansen* v. *Hill Reproduction Company*, 262 App. Div. 379; affd., 287 N. Y. 690; *Matter of Barning* v. *Sheffield Farms Company, Inc.*, 227 App. Div. 679; *Matter of Simonetti* v. *Capitol Coal Co., Inc.*, 244 id. 854; affd., 270 N. Y. 633; *Matter of Selonick* v. *Joe Lowe Corporation*, 227 App. Div. 678). Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Crapser, Heffernan, Schenck and Foster, JJ.