Heffernan, J.
(dissenting). The sole question for decision in this case is whether the facts as found by the Workmen’s Compensation Board reveal that the death of claimant’s husband arose out of his employment. It is conceded that he was fatally wounded during the course of his employment.
The employer operated a taxicab business in the city of New York. It employed decedent as a driver. In the early morning of September 3, 1946, while operating one of his employer’s cabs decedent was shot by one of his passengers and died as a result of his injuries several hours later without regaining consciousness.
An investigation by the police department of New York disclosed that the murderer was a man named Rodriguez who was later convicted of the crime. Four other passengers, including one Roman, were in the cab at the time of the homicide. The police apprehended Roman but never ascertained the identity of the other three passengers. Roman informed the police authorities that he and Rodriguez left a tavern on 103rd Street and entered the taxicab operated by decedent. At that time Rodriguez did not recognize decedent but did so sometime thereafter. They directed decedent to drive to 96th Street where they were joined by a third man. At that point Rodriguez became involved in an argument with the driver of the cab. There is no evidence in the record that decedent participated in the discussion. Decedent was then directed to drive to 112th Street and 5th Avenue at which place two other men joined the group. After that the cab proceeded southerly on Manhattan Avenue as far as 104th Street where the driver was directed to stop. Rodriguez alighted from the cab on the left side, opened the door where the driver was sitting and fired two shots into the latter’s body. Immediately the other four men fled from the scene of the crime.
Appellants contend that decedent’s death did not arise out of his employment and the prevailing opinion in this court has adopted that view. That argument is based on the assertion that decedent was murdered because of personal animosity between him and his assailant. The record may be searched in vain to substantiate that assertion.
The evidence indicates that prior to her marriage to decedent, which occurred in November, 1942, his widow had been *109 acquainted with Rodriguez. The relationship between these two apparently transcended the bounds of mutual acquaintances. Rodriguez was charged with and prosecuted for compulsory prostitution in 1943, and in that action claimant was one of the witnesses. The record fails to disclose the testimony she gave. Decedent, however, was not remotely involved in that proceeding.
There is no competent evidence in the record which indicates that decedent came to his death because of any ill feeling between him and his murderer. Surely there is no proof that whatever relationship existed between the murderer and decedent’s wife had any connection with the latter’s death. For more than three years prior thereto claimant’s wife was free from Rodriguez ’ attentions.
The instant ease is clearly distinguishable from those cited in the opinion of the majority. At the time of the fatal altercation decedent was engaged in the service of his employer. His employment brought him to the particular place where he was murdered. A taxicab driver is exposed to the risk of assault by passengers. It is a matter of common knowledge that his work and working environment bring him in contact with such a risk. His work requires him to operate his cab and to transport without discrimination all who seek transportation.
The rule is that the injury arises out of the employment if the employment is one of the contributing causes without which the accident which actually happened would not have happened. Where, as here, the injury was sustained in the course of the employment it must be assumed as a matter of law that it arose out of the employment in the absence of substantial evidence to the contrary (Matter of Humphrey v. Tietjen & Steffin Milk Co., 235 App. Div. 470, affd. 261 N. Y. 549). There is no competent evidence in this record to overcome this presumption. The burden of proof was upon the appellants to establish by credible evidence a personal reason for the killing. True it is that there are some hearsay statements as to threats made by the killer. The board was not bound to accept as gospel such loose expressions in order to deny a recovery.
The modern standard recognizes that in close and doubtful cases it is the duty of the court to give the benefit of the doubt to the worker and thus to place the cost upon industry rather than letting it fall on the innocent worker, or his family or upon charity. The general rule seems to be that an injury inflicted upon a workman by the willful or criminal assault of a third person may be regarded as an accidental injury within the *110 meaning of that term as used in a workmen’s compensation act. Certainly from the point of view of the victim in this case his death was sudden, unexpected and truly accidental. Our own decisions have long since passed the point where it can he successfully contended that an intentional assault upon an employee by a third person necessarily broke the causal relation between the employment and the injury. The assault in this case was a typical street risk and this court and the court above have held again and again that such a risk is compensable (Matter of Katz v. Kadans & Co., 232 N. Y. 420; Matter of Greenberg v. Voit, 224 App. Div. 799, affd. 250 N. Y. 543; Matter of Wakefield v. World Telegram, 249 App. Div. 884, affd. 274 N. Y. 517; Matter of Christiansen v. Hill Reproduction Co., 262 App. Div. 379, affd. 287 N. Y. 690).
Denial of an award of compensation in any case where the employee is actually engaged in working for his employer, should rarely, if ever, be based on the proposition that it did not arise out of and in the course of his employment. Those words should be construed broadly. Liberality of construction should not be hampered by prior narrow common-law theories. The object and intent of this beneficent law are foiled when its administrators profess adherence and give lip service to the doctrine of liberality and then by hairline distinctions and speculation find a way to deny recovery to an injured workman, or, as in the case before us, to his widow and orphans.
The award should be affirmed, with costs to the Workmen’s Compensation Board.
Foster, P. J., Brewster and Santry, JJ., concur with Bergait, J.; Hefeernan, J., dissents, in an opinion.
Award reversed, on the law, and the claim dismissed, with costs to the appellant against the Workmen’s Compensation Board.