STALEY *v.* INDIANAPOLIS COAL COMPANY.

[No. 15,493. Filed October 16, 1935. Rehearing denied January 8, 1936.]

*Carey & Cox,* for appellant.

*Ralph B. Gregg,* for appellee.

CURTIS, P. J.—The appellant filed a claim for compensation against the appellee before the Industrial Board of Indiana to recover compensation for personal injuries alleged to have been received by him by reason of an accident arising out of and in the course of his employment by the appellee. The cause was tried before a single member of the board. We quote a part of the member's finding and order as follows: "That on the first day of August, 1934, the plaintiff received an injury by an accident arising out of and in the course of his employment, of which the defendant had knowledge, but did not furnish necessary medical, hospital and surgical supplies and attention. That said accidental injury was the result of an aggravation or acceleration of an existing hernia, which by reason of said accident became disabling and is so disabling at the time of this hearing. That the only medical supplies or attention that were received by this plaintiff were several physical examinations to determine the extent of said hernia.

"It is therefore considered and ordered by the Industrial Board of Indiana that the plaintiff receive of the defendant the sum of $8.80 per week beginning as of the 8th day of August, 1934, and continuing until

otherwise ordered, not exceeding the period fixed by law.

"It is further ordered that all past payments be paid in cash and in a lump sum and that future payments be paid in cash weekly as they become due."

The appellee petitioned for and was granted a review before the full board. We quote a part of the finding and award of the full board, to wit: "That on August 14, 1934, plaintiff was in the employ of the defendant at an average weekly wage of more than $8.80 and less than $16.00. That on August first, 1934, plaintiff became disabled and is so disabled at the date of this hearing. That said disability is not due to any accidental injury arising out of and in the course of plaintiff's employment by defendant.

"It is therefore considered and ordered by the Full Industrial Board of Indiana, by a majority of its members, that plaintiff shall take nothing by his complaint herein and that he shall pay the costs of this proceeding."

The above award was made by a divided board, the single member who heard the trial of the cause being joined by another member in a dissent. From said award and order this appeal was prayed and perfected, the error assigned being that the award of the full board is contrary to law.

The controlling facts surrounding the alleged accident and injury are simple and uncontroverted. Some seven years before the day in question the appellant suffered a rupture or hernia, but it was not serious or aggravated and did not disable him or prevent him from doing his usual work. In the seven years he lost only about an hour and one-half on account of his hernia and that was occasioned by his being away from work to buy a truss. He was regular in his work. On August 1, 1934, which was the day in question he was

assisting another workman in lifting a heavy can of cinders into a truck. Something then happened. His evidence was that he had the sensation of a pulling out on the sides of the truss followed immediately by sickness. He has never been able to work since due to aggravation and acceleration of his hernia. There is not a scintilla of evidence pointing otherwise than as above stated, unless it may be said that the answers of a doctor, called as a witness by the appellee, to certain questions calling for his opinion as to whether or not an injury to the appellant by accident occurred on the day in question is to be given effect. In view of all of the evidence and particularly the uncontroverted physical facts proven in the instant case, his opinion, which was based upon a part only of the facts proven by the evidence, would be entitled to no more consideration than the evidence of a witness who would testify that the multiplication table is incorrect or that there is no law of gravity or that north is south.

In order that this opinion may not be misunderstood we quote with full approval the language used by this court in the case of *Roush* v. *W. R. Duncan & Son et al.* (1933), 96 Ind. App. 122, 129, 183 N. E. 410, as follows: "When, as in this case, the Industrial Board has reached a conclusion as to the ultimate facts which have or have not been established, and has stated such conclusion in its finding of facts, this court must accept the facts so found as true, unless the evidence is of such a conclusive characted as to force a contrary conclusion. In order to reach a contrary conclusion we, however, will not weigh the evidence nor will we disregard the reasonable inferences which the Industrial Board may have drawn from the facts which the evidence tends to establish. See *Swing* v. *Kokomo Steel and Wire Company* (1921), 75 Ind. App. 124, 125 N. E. 471." See also *Bickel* v. *Ralph Sollit & Sons*

*Construction Company* (1933), 97 Ind. App. 57, 184 N. E. 196.

We think that the record in the instant case presents evidence of such a conclusive character as to force a conclusion contrary to the conclusion reached by ■ the majority members of the full board and we reach this result without in any manner modifying the law laid down in the above cases.

In the case of *Earhart* v. *Cyclone Fence Company* (1934), 99 Ind. App. 48, 51, 190 N. E. 558, it was said: "It has been frequently held that when an employee meets with an accident, which accident accelerates or aggravates the impairment to a state of disability, which disability does not result from the impairment progressing naturally, there may be an award under the act." See also the numerous decisions cited therein.

In our opinion the evidence conclusively shows that the appellant is entitled to compensation. The award is reversed with instructions to the full board to enter an award in favor of the appellant in accordance with the evidence and requiring that past due payments be paid in cash in a lump sum.

Award reversed.