BREED *v.* CHILDREN'S AID SOCIETY AND ORPHANS' HOME

[No. 16,447.   Filed November 7, 1939.]

*Parker, Crabill, Crumbacker, May, Carlisle & Beamer,* for appellant.

*Henry L. Humrichouser,* for appellee.

STEVENSON, C. J.—This action was commenced before the Industrial Board of Indiana by the appellant, Catherine Breed, on account of injuries which she sustained by reason of an alleged fall which occurred on December 20, 1936. She asserted that her disability began on November 15, 1937, and that the alleged fall had either caused or aggravated a pre-existing arthritic condition of her hip. The hearing member of the Industrial Board awarded her compensation but on review by the full board, the board found that her alleged disability was not caused by any accidental injury arising out of and in the course of her employment and compensation was accordingly denied. The appellant contends in this court that the award denying compensation is contrary to law for the reason that the evidence conclusively shows that all facts essential for a recovery of compensation were established by uncontradicted testimony. The appellant accordingly asks a review of the testimony in support of this contention.

The rules of law involved in this appeal are not in dispute and this appeal involves only the sufficiency of the evidence to sustain the award. The rule which governs our court under such circumstances has been aptly stated as follows:

"When, as in this case, the Industrial Board has reached a conclusion as to the ultimate facts which have or have not been established, and has stated such conclusion in its finding of facts, this court must accept the facts so found as true, unless the evidence is of such conclusive character as to force a contrary conclusion. In order to reach a contrary conclusion, we, however, will not weigh the evidence nor will we disregard the reasonable inferences which the Industrial Board may have drawn from the facts, which the evidence tends to establish." *Staley* v. *Indianapolis Coal Co.* (1936), 101 Ind. App. 335, 338, 197 N.E. 713.

In the light of this rule, therefore, we can only examine the evidence to determine whether or not there is any evidence in the record sufficient to warrant the Industrial Board in reaching the conclusion that the appellant's alleged disability was not caused by any accidental injury arising out of and in the course of her employment.

We have read the entire evidence offered in this case. In passing upon its sufficiency, it is fair to the appellant to say that there are facts sufficient in our opinion to have sustained an award of compensation had the board so found. On the other hand, however, there is positive testimony in the record to the effect that the condition from which the appellant was suffering on November 15, 1937, when she quit her work, was one of long standing and the alleged injury which she claimed to have received on December 20, 1936, had nothing to do with her disability and could not have been the cause thereof. There was testimony that x-ray pictures taken of the appellant shortly after the alleged fall disclosed an arthritic condition in the hips and lower portion of her spinal column and that subse-

quent x-ray pictures of the appellant's spine showed an arthritic condition of long years' standing.

In view of this evidence, we cannot say as a matter of law that the Industrial Board was without facts upon which to draw an inference that the appellant's disability was not the result of an injury. It follows, therefore, that the award of the Industrial Board must be and the same is now affirmed.

Award affirmed.