PITCOCK v. OVERBEY ELECTRIC SERVICE, INC.

[No. 18,959. Filed January 31, 1958. Rehearing denied March 7, 1958. Transfer denied April 16, 1958.]

*John M. Heeter,* of Indianapolis, for appellant.

*William B. Weissell* and *Locke, Reynolds, Boyd & Weissell,* of Indianapolis, for appellee.

ROYSE, P. J.—The sole question presented in this case is whether appellant received an accidental injury while an employee of appellee.

To appellant's Form 9 application appellee filed a special answer in three paragraphs. The first averred that at the time he received his injury he was engaged

in farm or agricultural employment. The second denied he received his injuries while an employee of appellee. The third was an answer of denial.

The Full Board found he was not an employee of appellee and that he was not engaged in farm or agricultural work.

The evidence on the point in dispute may be summarized as follows: Appellee is engaged in the business of wiring houses, maintenance work, repairing appliances, and anything pertaining to electrical work. Its place of business is located at the intersection of Westfield Road and Road 100. On April 21, 1954 appellant went to appellee's office seeking employment. There he talked with one James H. Overbey, Jr., who is appellee's Secretary-Treasurer. (He and his wife own a farm about twelve miles north of the place of business. The farm is their personal property.) Overbey told appellant they were going to need some help and that he had some work to do on the farm for a couple of days, and that he would pay him $1.00 per hour; that he could go up there the next day. In response to the question, "Did you tell him the nature his work would be with your company, or was it discussed?", he answered, "I told him he would be a helper or an electrician helper or anything pertaining to the nature of work he was capable of doing." He said the next morning appellant came to his house while he was still in bed. He then gave appellant some tools, took him to the fence and told him what to do. A short time later appellant came back to his house and said he hurt his eye. This injury made necessary the removal of the eye. He said there was no connection between the business of appellee and the farm he owns with his wife. Appellant was paid for the day's work by a check of appellee. In response to the question, "Why was the $7.84 check written on

Overbey Electric Service, Inc., if there is any reason?", the witness answered, "I felt that I wanted to have the work done and he was hired through Overbey Electric for a job and I had them do it, just like I would have any job . . . ."

Appellant returned to work for appellee about June 11, 1954 and worked for three or four days. Overbey said he just was not qualified "to do the amount and type of work we had to do." He said appellant told him he felt bad and did not want to work. Appellee paid him for four weeks work.

There was a conflict in the evidence of appellant at the trial of this case with his pre-trial statement. The pre-trial examination of appellant on this question is as follows: In response to the question "It was your understanding that you were to be an electrician's helper?", Dillard Pitcock answered, "This was Thursday; he wanted me to start Monday as an electrician's helper. There was two days open so he had me come out to the farm to work until he had a place for me." It was the understanding of Mr. Pitcock that he was to start work at Overbey Electric proper on the Monday following the accident, and that on Thursday and Friday preceding this Monday he was to work at the Overbey farm. His duties at the farm were not outlined and there was no understanding or agreement as to what he was to do. "You assumed it was a 40-hour week?" Mr. Pitcock answered, "Yes." Mr. Pitcock was to report for work at 6:30. Mr. Pitcock was then asked, "Did he say where to be?", to which he answered, "Yes." "He took you out to the farm?" Mr. Pitcock answered, "Yes, he—I was already on the farm and he took me out to where I was to work." In response to the question, "You were not at the Overbey Electric Company?", Mr. Pitcock answered, "The farm." To the question, "You went directly to the

farm?", Mr. Pitcock answered "Yes," and to the question, "Was he there at that time?", he answered "Yes."

His evidence at the hearing, as set out in his brief, is as follows: "I went out to Overbey Electric Service, Inc. for the first time on April 21, 1954 and had a conversation with Overbey, Jr., whose first name I do not know. He was on the premises at the time and he identified himself as Mr. Overbey. He is the man sitting in this chair. I said to him, 'I understand you are hiring electricians,' to which he said, 'Yes, we are,' and took down my name and address that morning. He said to come back tomorrow morning and he will see what he can do. I went back the next day and arrived about 6:30 or 7 o'clock A.M. That was on April 22, 1954. Mr. Overbey was not there and I waited for him until about 8 o'clock, at which time he arrived and said, 'I have got a job for you that will pay $1.00 an hour 48 hours a week,' and he told me to come with him and we went out to his place in the country. He got tools and gave them to me and told me the work I had to do, namely, take down a fence. I said, 'I understand I am supposed to work as an apprentice electrician,' and he said, 'Yes, you are' before I went to work on this fence."

It was the duty of appellant to establish by a preponderance of the evidence that he was an employee of appellee at the time of the accident. Unless the evidence on this question shows conclusively that the minds of all reasonable men could come to the sole conclusion that appellant, at the time he was injured, was an employee of appellee, we cannot disturb the award of the Full Industrial Board. In our opinion on the record herein reasonable men might have differed on this question.

Award affirmed.

NOTE.—Reported in 147 N. E. 2d 574.