## TICHENOR v. BRYANT LUMBER COMPANY

[No. 569A79. Filed August 13, 1970.
No petition for rehearing filed.]

*John D. Clouse,* of Evansville, for appellant.

*Robert H. Hahn, Bamberger, Foreman, Oswald & Hahn,* of counsel, of Evansville, for appellee.

SULLIVAN, J.—Appellant, Rufus C. Tichenor (hereinafter referred to as 'claimant'), filed a claim before the Industrial Board of Indiana for compensation under the Indiana Workmen's Compensation Act. Indiana Acts 1929, ch. 172, § 1, *et seq.* as found in Ind. Anno. Stat. § 40-1201, *et seq.* (Burns' 1965 Repl.). The individual hearing member and later the Full Industrial Board found that claimant was an independent

contractor, not an employee, and for that reason denied his claim for compensation. Thereafter, he initiated this appeal.

In August of 1964, claimant and his son-in-law were contacted by Wayne Bryant of appellee Bryant Lumber Co. and were asked if they would cut and haul timber from various woods. It was agreed that claimant and his son-in-law would do the job for $17.50 per thousand feet of lumber. On October 21, 1965, while claimant was cutting trees a large falling limb caused the amputation of a finger and stiffening of two other fingers. It is for this injury that workmen's compensation is sought.

It must be emphasized that claimant is appealing from a negative finding; that is, a finding that he was not an employee. The burden was initially upon the claimant to establish by a preponderance of the evidence that he was an employee at the time of the accident. In an appeal from a negative finding on this issue, unless the evidence leads inescapably to the conclusion that the minds of all reasonable men would agree that the claimant was an employee, this court cannot disturb the decision of the Full Industrial Board. *Pitcock* v. *Overbey Electric Service, Inc.* (1958), 128 Ind. App. 396, 147 N. E. 2d 574. The only issue before this court, therefore, is whether the evidence shows, as a matter of law, that the claimant was an employee. We think not.

Claimant testified that he and his son-in-law were partners in the undertaking. All of the equipment used was owned either by claimant or his son-in-law. Claimant furnished a power saw and his son-in-law furnished two mules, two trucks, a rubber-tired loader and log chains. The partners hired and paid from one to three employees to assist them on the job and while claimant himself worked on the job, his son-in-law did not do so except to service the equipment on weekends. Bryant Lumber Company had no voice in the hiring, firing or control of the partnership's employees.

Payment for the cutting and hauling of the lumber was made weekly. Bryant wrote one check payable to claimant's son-in-law who took care of the bookkeeping. The son-in-law would pay all expenses, including wages for their employees, and the balance was divided between the partners. Claimant paid his own taxes and Social Security, and his son-in-law withheld taxes on their employees' wages.

The only instructions received by the partners were specifications as to the location of the timber to be cut, the size of trees to be cut, and the size of logs desired. Bryant's representatives did not visit the worksite daily but came around occasionally to determine if all of the timber had been cut from a particular area. No one from Bryant ever told the partners how the work should be done.

Claimant relies exclusively on the case of *McDowell* v. *Duer* (1922), 78 Ind. App. 440, 133 N. E. 839, and contends that it is so conclusively a controlling precedent as to be completely dispositive of the issue before this court. We think claimant's reliance is misplaced. At page 445, the court stated:

". . . The proposition must be regarded as settled that whether Duer was an employe of the hoop company at the time he received the fatal injury, was a question of fact for the Industrial Board, to be determined from the evidence. (cases cited)"

In affirming the decision of the Industrial Board, the court held at page 446:

". . . It is clear, therefore, that the board was justified in finding that the hoop company and Duer were within the scope of the compensation plan as ordained by the legislature. It is entirely reasonable to say that at the time of his injury Duer was not engaged in an independent employment—was not following an independent business of his own; but that, on the contrary, he was identified with the working force of the hoop company . . ."

Contrary to claimant's suggestion, the court did not hold in *Duer* that, as a matter of law, the claimant was an employee. The court merely affirmed a factual conclusion made by the

Industrial Board on the evidence before it, in accordance with the established rules of appellate review.

Claimant fails to appreciate the distinction between the standards of judicial review of an affirmative administrative board decision (a decision in favor of the claimant) and the standards of judicial review of a negative administrative board decision (a decision against claimant). See *Metropolitan Board of Zoning Appeals* v. *Standard Life Insurance Co.* (1969), 145 Ind. App. 363, 251 N. E. 2d 60, 18 Ind. Dec. 562, as compared with *Braughton* v. *Metropolitan Board of Zoning Appeals* (1970), 146 Ind. App. 652, 257 N. E. 2d 839, 21 Ind. Dec. 207.

In the *Duer* case the court was reviewing an affirmative decision and in so doing was necessarily faced with the question of whether there was sufficient evidence of probative value which would sustain the validity of the Board's decision. Thus, the only facts of significance were those facts in support of the Industrial Board's conclusion that Duer was an employee. In the case at bar, claimant is appealing from a negative decision and as previously stated, the question is whether the evidence establishes, as a matter of law, that claimant was an employee. But see *Nash* v. *Meguschar* (1950), 228 Ind. 216, 91 N. E. 2d 361. Thus, while the facts in this case, which are similar to the *Duer* circumstances, might be sufficient to sustain a finding by the Board that Tichenor was an employee, if the Board had so found, such facts are not sufficient to establish such a finding as a matter of law.

For the foregoing reasons, we hold that the evidence does not establish as a matter of law that claimant, Tichenor, was an employee rather than an independent contractor. Therefore, the decision of the Full Industrial Review Board is affirmed.

Lowdermilk, C.J., Carson and Cooper, JJ., concur.

NOTE.—Reported in 261 N. E. 2d 78.