CHRISTINE L. CREEL *v.* HANDLEMAN COMPANY.

[No. 870A130. Filed February 8, 1971.]

*Adam Benjamin, Jr.,* of Gary, for appellant.

*Bernard A. Petrie, Bernard J. Petrie, Petrie & Petrie,* of Hammond, for appellee.

LOWDERMILK, J.—This matter comes to us for judicial review and finding of an award made by the full Industrial Board of the State of Indiana. The procedure followed in this matter before the Board, and after a final hearing before the full Industrial Board, which made the final award, is, in our opinion, proper.

Appellant was in the employ of the appellee, where she was servicing the Spartan Store in Gary, Indiana, for the appellee and in lifting a box of hair rollers from a high shelf while she was standing on her toes and had the box in her hand, suffered a sharp pain radiating from her neck through her arm.

She continued her work after a short rest and worked the full day with some distress before contacting her physician.

On the second day after the alleged injury she notified her employer. She continued to work some five weeks, after which she had total disability and her doctor advised her to cease work. She was off work from March 14, 1969, until September 23, 1969, on which date she was released by her doctor, and a consulting neurologist. After three days of work her symptoms returned, forcing her to terminate her employment.

On cross examination appellant admitted she had previously had some discomfort in the lower part of the back. She indicated that the pain complained of originated in the shoulder after she had the ten pound box of hair rollers in her hand. On redirect examination the appellant explained that said discomfort had not bothered her for more than six months, although her employment required considerable sitting, standing and bending.

No medical evidence was adduced in the trial.

The hearing officer's award is as follows, to-wit:

"IT IS THEREFORE CONSIDERED, ORDERED, AND ADJUDGED by the Industrial Board of Indiana that Plaintiff herein take nothing by her Form 9 application for the adjustment of claim for compensation filed on the 21st day of June, 1969."

Claimant timely filed her application for review of the original award by the full Industrial Board. The full Board issued a similar award, which reads as follows, to-wit:

"IT IS THEREFORE CONSIDERED, ORDERED, AND ADJUDGED by the full Industrial Board of Indiana that Plaintiff herein take nothing by her Form 9 application for the adjustment of claim for compensation filed on the 21st day of June, 1969."

The appellant avers that there is manifest error in the proceedings in this cause which is prejudicial to the appellant in this:

    1.   The award of the Indiana Industrial Board is not sustained by sufficient evidence.

    2.   The award of the Industrial Board is contrary to law.

The error first assigned presents no question for our consideration because of § 40-1512, Burns' Ind. Stat., 1965 Replacement, which provides, in part:

> "* * * An assignment of errors that the award of the full board is contrary to law shall be sufficient to present both the sufficiency of the facts found to sustain the award and the sufficiency of the evidence to sustain the finding of facts."

Furthermore, the finding of the Industrial Board being negative against appellant, by such finding the said Board determined that appellant had not sustained her burden of proof by evidence of probative value. Such finding cannot be successfully attacked on the basis that there was a lack of evidence to support it, for the denial of an award against a party having the burden of proof does not rest upon the quantum of evidence. *Wright* v. *Peabody Coal Co.* (1948), 225 Ind. 679, 77 N. E. 2d 116.

This being an appeal from a negative finding of the Board, this court will not weigh the evidence nor will it disregard the reasonable inferences which the Industrial Board may have drawn from the facts which the evidence tends to establish. *Dooley* v. *Richard's Standard Service* (1969), 145 Ind. App. 470, 251 N. E. 2d 449.

The issues raised which were before the Industrial Board and which are presented by this appeal are whether or not the claimant-appellant suffered an accidental injury arising out of and in the course of her employment with the appellee, within the intent and meaning of the Indiana Workmen's Compensation Act.

Our Workmen's Compensation Act provides, in § 40-1202, Burns' Ind. Stat., 1965 Replacement, in part, as follows:

"* * * every employer and every employee, except as herein stated, shall be presumed to have accepted the provisions of this act, respectively to pay and accept compensation for personal injury or death *by accident arising out of and in the course of the employment, and shall be bound thereby; * * *"* (Our emphasis.)

Judge Cooper of this court, in a concurring opinion in *Dooley* v. *Richard's Standard Service, supra,* agreed with the contention that whether of not an alleged injury may arise out of and in the course of claimant's employment depends on the particular facts and circumstances of each case, *and the pertinent law applicable thereto.*

"In the case of *Tom Joyce 7 Up Company* v. *Layman* (1942), 112 Ind. App. 369, at page 373, 44 N. E. 2d 998, 999-1000, in discussing the foregoing portion of the statute, this court stated:

'It will be noted that under this section of the statute an injury to be compensable must both arise out of and be in the course of the employment. Neither alone is enough.

'In the case of *Burroughs Adding Machine Co.* v. *Dehn* (1942), 110 Ind. App. 483, 39 N. E. 2d 499, we discuss rules that have been applied in a number of decisions in this and other jurisdictions for the purpose of determining whether the particular injury by accident was one 'arising out of' the employment.

'In the case of *Lasear, Inc.* v. *Anderson* (1934), 99 Ind. App. 428, 434, 192 N. E. 762, this court quotes from *Jeffries* v. *Pitman-Moore Co.* (1925), 83 Ind. App. 159, 147 N. E. 919, the following definition of when an accident occurs 'in the course of' the employment:

' "This court has correctly held that an accident occurs in the course of the employment, within the meaning of the Compensation Act, when it takes place within the period of the employment, at a place where the employee may reasonably be, and while he is fulfilling the duties of his employment, or is engaged in doing something incidental to it."

'In the same opinion this court uses the following language in defining when an accident 'arises out of' the employment:

' "Generally, an accident may be said to arise out of the employment, where there is a causal connection between it and a performance of some service of the employment. Causal relation is established when the accident arises out of a risk which a reasonably prudent person might comprehend as incidental to the employment at the time of entering into it, or when the facts show an incidental connection between the conditions under which the employee works and the injury."

'The phrase 'in the course of' points to the place and circumstances under which the accident takes place and the time when it occurs.

· 'In the case of *City of Chicago* v. *Industrial Com.* (1941), 376 Ill. 207, 210, 33 N. E. 2d 428, the Supreme Court of Illinois distinguishes between the two phrases in the following language:

' "The words 'arising out of' refer to the origin or cause of the accident and are descriptive of its character, while the words 'in the course of' refer to the time, place and circumstances under which the accident occurs."

'In the case of *D.A.Y. Construction Co.* v. *Smallwood* (1937), 104 Ind. App. 277, 10 N. E. 2d 750, this court adopts the definition set forth in *Lasear* v. *Anderson, supra,* as to when an accident occurs 'in the course of' the employment.' "

From the above statute and construction thereof by our courts, Judge Cooper came to the following conclusion:

"Therefore, it can be seen, under the foregoing doctrine, that it is not sufficient to merely show employment and an injury during the period of employment, but the claimant must go further and show by evidence having probative value, that the injury had its origin in a risk connected with his employment and that it flowed from that source as a rational consequence.

"The factual question before the Board was, did the appellant prove facts by evidence having probative value, from which a reasonable inference could be drawn, that at the time of the accident he was engaged in the performance of his duties for the appellee for which he had been employed, and whether the duties so being performed at the time of the accident were required by, or incidental to, the tasks he was employed to perform. See: *Rohlwing* v. *Wm. H. Block Company* (1953), 124 Ind. App. 97, 104, 115 N. E. 2d 450."

Appellant contends under her specification that the award of the Industrial Board is contrary to law that the facts are most similar to those presented in *Anaconda Aluminum Co.* v. *Walter L. Awe* (1964), 136 Ind. App. 463, 202 N. E. 2d 403.

It is true in the *Anaconda* case that claimant presented evidence that he lifted a fifty pound pig and injured his back. His evidence was uncorroborated by any other witness and he did not report the lifting incident but, in fact, denied on several occasions prior to surgery, that it occurred. An award was made to the claimant by a single hearing member of the Industrial Board, which was affirmed on a timely appeal to the full Board.

This court, speaking through Judge Faulconer, said:

"A finding of fact by the Industrial Board is binding on this court unless unsupported by any evidence of probative value." (Citing cases.)

"A review of the evidence most favorable to [claimant] appellee, to which we are limited in determining the sufficiency of the evidence to sustain a compensation award, convinces us that there was evidence of probative value to sustain the Board's finding and award."

Judge Faulconer concluded his opinion with the following statement:

"We fail to find that the evidence, with all reasonable inferences deducible therefrom, would force reasonable minds to a conclusion contrary to that reached by the Industrial Board that the appellee suffered an accident arising out of and in the course of his employment."

In the case of *Breed* v. *Childrens' Aid Society and Orphans' Home* (1939), 107 Ind. App. 141, 23 N. E. 2d 269, the issues were similar to the issues in the case at bar. In *Breed* the claimant asserted her disability began on a date certain and that the alleged fall either caused or aggravated a pre-existing arthritic condition of her hip. The hearing member of the Industrial Board awarded her compensation, but on review by the full Board it was found that the alleged disability was not

caused by an accidental injury arising out of and in the course of her employment and compensation was accordingly denied. The appellant contended on appeal that the award denying compensation is contrary to law for the reason that the evidence conclusively showed that all facts essential for a recovery of compensation were established by uncontradicted testimony. She also asked a review of the testimony in support of that contention.

On this the court said:

"The rules of law involved in this appeal are not in dispute and this appeal involves only the sufficiency of the evidence to sustain the award. The rule which governs our court under such circumstances has been aptly stated as follows: 'When, as in this case, the Industrial Board has reached a conclusion as to the ultimate facts which have or have not been established, and has stated such conclusion in its finding of facts, this court must accept the facts so found as true, unless the evidence is of such a conclusive character as to force a contrary conclusion. In order to reach a contrary conclusion, we, however, will not weigh the evidence, nor will we disregard the reasonable inferences which the Industrial Board may have drawn from the facts which the evidence tends to establish.' *Staley* v. *Indianapolis Coal Co.* (1936), 101 Ind. App. 335, 338, 197 N. E. 713, 714.

"In the light of this rule, therefore, we can only examine the evidence to determine whether or not there is any evidence in the record sufficient to warrant the Industrial Board in reaching the conclusion that the appellant's alleged disability was not caused by any accidental injury arising out of and in the course of her employment.

"We have read the entire evidence offered in this case. In passing upon its sufficiency, it is fair to the appellant to say that there are facts sufficient in our opinion to have sustained an award of compensation had the board so found. On the other hand, however, there is positive testimony in the record to the effect that the condition from which the appellant was suffering on November 15, 1937, when she quit her work, was one of long standing and the alleged injury which she claimed to have received on December 20, 1936, had nothing to do with her disability and could not have been the cause thereof. There was testimony that X-ray pictures taken of the appellant shortly after the alleged fall disclosed an arthritic condition in the hips and lower

portion of her spinal column and that subsequent X-ray pictures of the appellant's spine showed an arthritic condition of long years standing.

"In view of this evidence, we cannot say as a matter of law that the Industrial Board was without facts upon which to draw an inference that the appellant's disability was not the result of an injury. It follows, therefore, that the award of the Industrial Board must be and the same is now affirmed."

The evidence disclosed that appellant had a previous back injury which had existed for about three years and that one doctor had advised her that it was arthritis.

There was a dispute in the evidence in that appellant contended she was injured while standing on tiptoes and reaching above her head lifting a ten pound box of hair curlers, while, on the other hand, appellant admitted discomfort in the lower part of the back prior to the alleged injury and that for six months prior to the hearing the discomfort had not bothered her, although her employment required considerable sitting, standing and bending.

Appellant did not present any medical evidence to the hearing member concerning her alleged injury. The evidence being conflicting it was for the hearing member and the full Industrial Board to determine from the evidence presented whether appellant was injured while within the course and scope of her employment or whether her purported injury was the result of a previous back injury or arthritis.

This disputed evidence was heard and the weight thereof determined by the hearing member, who made the original award denying compensation to the appellant, which award was affirmed by the full Industrial Board. As we have heretofore stated, we cannot weigh the evidence and we are unable to find any evidence in the record that, in our opinion, would lead reasonable men to reach a different conclusion than that reached by the Industrial Board. We are not, under such evidence and the record before us and the law applicable thereto,

in a position to state as a matter of law that the award of the full Board is contrary to law.

For the reasons above stated the award of the Board must be, and hereby is, affirmed.

Buchanan and Robertson, JJ. and Sullivan, P.J., concur.

NOTE.—Reported in 266 N. E. 2d 624.