RUTH ANN GENTRY ET AL. *v.* CHARLES W. JORDAN D/B/A LAWRENCE SHELL SERVICE.

[No. 2-374A66. Filed November 24, 1975. Rehearing denied March 15, 1976.]

*Robert D. Epstein, Connor, Epstein & Frisch,* of Indianapolis, for appellant.

*Ralph A. Cohen, Geoffrey Segar, Ice Miller Donadio & Ryan,* of Indianapolis, for appellees.

## CASE SUMMARY

BUCHANAN, J.—Review is sought by Claimant-Appellant, Ruth Ann Gentry (Gentry), of a negative Award entered by the Full Industrial Board of Indiana (the Board) denying compensation for the death of her husband, James Robert Gentry, Jr. (Decedent), an employee of Defendant-Appellee, Charles W. Jordan, d/b/a Lawrence Shell Service (Jordan), claiming the Award is contrary to law.

We affirm.

## FACTS

The facts and evidence most favorable to Jordan and the Award are as follows:

At approximately 4:45 a.m. on April 10, 1971, the Decedent was found dead in the wreckage of Jordan's wrecker at the intersection of I-70 and the overpass for State Road 209 in Hancock County, Indiana, the wrecker having crashed into a bridge abutment. The Decedent had been in Jordan's employ

for several months and his duties included general service station work and driving the employer's wrecker.

A stipulation was entered into by the parties which in part stated:

"4. That decedent ordinarily worked from five to twelve hours per day and that he punched a time clock showing the time when he started work and the time when he finished work on each day of work.

"5. That prior to his death, decedent was last on duty at his employment for Defendant on April 9, 1971, at which time he worked from 2:00 p.m. until 7:46 p.m. . . .

"6. After clocking out and finishing work for that day, April 9, 1971, the decedent was not scheduled to return to work until the next day, April 10, 1971.

"7. After clocking out on April 9, 1971, decedent left his employer's place of business and went to his parents' home where he took a shower. When he left his parents' home, he said he was going to his own home. His whereabouts and activities are unknown from the time he left his parents' home until approximately 4:00 a.m. on the morning of April 10, 1971.

"8. At approximately 4:00 a.m. on the morning of April 10, 1971, the decedent appeared at the employer's service station and asked one Maynard Middleton, who was an employee of defendant on duty at the time, if he (Decedent) could use the service station's wrecker to go get his (Decedent's) own personal car which was disabled somewhere. Maynard Middleton did not forbid or prevent decedent's taking the wrecker, but he did tell decedent that its use was decedent's own responsibility and that he was on his own.

"9. At approximately 4:45 a.m. on the morning of April 10, 1971, the decedent was found dead in the wreckage of the employer's wrecker at the intersection of I-70 and the overpass for State Road 209, where the wrecker had crashed into a bridge abutment.

"10. The decedent's own vehicle was subsequently found on a side road near Interstate 70 east of the site of decedent's fatal accident, and if decedent was driving east on I-70 at the time of his accident, then he would have been proceeding in a direction consistent with going to his own disabled vehicle at the time of his death."

Evidence was presented at the hearing that on two prior occasions the Decedent used the wrecker to bring in his own car and that he was not paid any hourly wages upon either occasion for the time involved; that he did not clock in the morning of April 10, 1971 and was not earning compensation at the time of his death; that the employment agreement did not contemplate payment for time involved in hauling in Decedent's own automobile; and that when the Decedent left with the wrecker on the morning of April 10, 1971, he was not performing any duty required by his employment.

The Board made its Award denying benefits, which in part stated:

"It is further found that the decedent did take the employer's wrecker truck for the purpose of pulling in his own personal vehicle, and while decedent was proceeding to go get his own vehicle, an accident occurred on Interstate 70 in Hancock County, Indiana, causing the decedent's death at approximately 4:45 a.m. on April 10, 1971.

"It is further found that the trip which the decedent was on at the time of his death was personal and was not required nor performed as a duty of his employment; that the decedent was not being paid nor was he to be paid for the time and service involved in making said personal trip.

"It is further found that the decedent's death did not arise out of and in the course of his employment with the defendant.

"The Full Industrial Board now finds for the Defendant and against the Plaintiff on Plaintiff's Form 10, Application filed herein on February 28, 1972."

Gentry appeals.

## ISSUE

Was the Award of the Board contrary to law in determining that the Decedent's death did not arise out of and in the course of his employment with Jordan?

CONTENTIONS:

Gentry argues that the Decedent's use of Jordan's wrecker on the morning of April 10, 1971, was with the full permission

of Jordan's night manager. Gentry further contends that the fatal accident arose out of and in the course of the Decedent's employment because the Decedent's activity at the time of his death was partly business and partly personal and was for the benefit of his employer.

Jordan asserts that there was more than sufficient evidence to support the Board's decision that the Decedent did not die as the result of an accident arising out of and in the course of his employment.

## DECISION

CONCLUSION:

It is our opinion that the Board's decision was not contrary to law and it properly found that the Decedent's fatal accident did not arise out of and in the course of his employment with Jordan.

Gentry couches her appeal on the applicability of the dual purpose and the special errand doctrines . . . which, if we were to apply them, would amount to a hearing *de novo*.

With unrelenting regularity we have resisted such invitations to determine the credibility of witnesses and weigh the evidence.

> *See, Motor Freight Corp.* v. *Jarvis* (1975), 163 Ind. App. 442, 324 N.E.2d 500, 503 (and cases cited therein) ; *Martin* v. *Monsanto Co.* (1975), 166 Ind. App. 5, 333 N.E.2d 828; *Lincoln* v. *Whirlpool Corp.* (1972), 151 Ind. App. 190, 279 N.E.2d 596, 599; *Tichenor* v. *Bryant Lumber Co.* (1970), 147 Ind. App. 382, 261 N.E.2d 78.

The Board is the sole trier of fact and its Award is conclusive and binding upon this Court as to all questions of fact. *See* IC 1971, 22-3-4-8 (Burns Code Ed.).

As Gentry is appealing from a negative Award we may only reverse if reasonable men would have been bound to reach a conclusion contrary to the Board's decision.

*See, Page* v. *Board of Commissioner of County of Clay* (1973), 155 Ind. App. 215, 292 N.E.2d 254, 257; *Smith* v. *Graver Tank & Mfg. Co.* (1973), 158 Ind. App. 431, 302 N.E.2d 852; *Robinson* v. *Twigg Industries* (1972), 154 Ind. App. 339, 289 N.E.2d 733, 735; *Lincoln* v. *Whirlpool Corp., supra; Warren* v. *Indiana Telephone Co.* (1940), 217 Ind. 93, 26 N.E.2d 399.

In this case[1] the Board was presented with substantial evidence, both conflicting and by stipulation, to support its decision that the Decedent's accident did not arise out of and in the course of his employment with Jordan. Our Statement of Facts speaks for itself.

In finding that the Decedent's death did not arise out of and in the course of his employment with Jordan,[2] the Board properly concluded from substantial probative evidence that Decedent's fatal trip was personal . . . to tow in his personal car while off-duty and without any expectation of payment for the time involved.

Gentry failed in her burden of proof before the Board and its Award is therefore affirmed.

Sullivan, P.J. and Lybrook, J. (by designation) concur.

NOTE.—Reported at 337 N.E.2d 530.

1. The Board's negative award in this case is supported by evidence, but a negative award may be supported by an absence of evidence. *See, Tichenor* v. *Bryant Lumber Co.* (1970), 147 Ind. App. 382, 261 N.E.2d 78; *Dooley* v. *Richard's Standard Service* (1969), 145 Ind. App. 470, 251 N.E.2d 449.

2. "It is now essential that there be evidence to establish that the accident or injury *'arose' out of the employment by reason of some causal connection between the employment and the performance or fulfillment of some service or the duties thereof,* and that such accident or injury *occurred within the period of such employment at a place where the employee, by reason of said employment, might reasonably be expected to be at the time of the accident or injury.* In general, see I.L.E., Vol. 30, Workmen's Compensation, § 315, and citations in notes." *United States Steel Corporation* v. *Cicilian* (1961), 133 Ind. App. 249, 252, 180 N.E.2d 381, 382, 181 N.E.2d 538. (Our emphasis.)