NAPA/GENERAL AUTOMOTIVE PARTS, Defendant-Appellant,

v.

Helen WHITCOMB, et al., Plaintiff-Appellee.

No. 2–1184 A 340.

Court of Appeals of Indiana, Third District.

Aug. 20, 1985.

Robert C. Rupp, Donn H. Wray, Stewart, Irwin, Gilliom, Fuller & Meyer, Indianapolis, for defendant-appellant.

F. Boyd Hovde, John F. Townsend, Jr., Townsend, Hovde, Townsend & Montross, Indianapolis, for plaintiff-appellee.

GARRARD, Judge.

NAPA/General Automotive Parts (NAPA) appeals from the Industrial Board's award of death benefits, medical expenses and funeral expenses to Helen Whitcomb and her two children for the death of her husband Steven.

Steven sustained fatal injuries when his car left a curved road in Hancock County on May 7, 1981. He suffered severe head injuries after being thrown from his car which had apparently flipped end over end. There were no skidmarks in the area where the car must have left the road nor were there any witnesses to the accident.

Prior to the accident Steven had been working with John Burkett, the manager of the Pendleton Auto Supply, a NAPA customer. Both men worked together at the Pendleton store from early that morning until approximately 5:30 p.m. at which time they went to a bar for food and drinks. From there the two men went on to a "strip joint" where they had more drinks and shot some pool. At approximately 12:30 a.m. the men left and Steven dropped Burkett off at the Pendleton store before starting for home. The wreck occurred on his way home.

A hearing was conducted on Helen Whitcomb's claim for compensation before a single member of the Industrial Board. NAPA sought Full Board review of the initial award entered in favor of Helen Whitcomb. On October 22, 1984, after reviewing the matter, the Full Industrial Board voted to adopt the initial award including all of the single hearing member's findings of fact. The findings relevant to this appeal are as follows:

"That plaintiff's husband, Steven Whitcomb, died on May 7, 1981, as a direct result of a one car automobile collision.

It is further found that at the time of the collision, plaintiff's decedent had a blood alcohol level of .13%; that at the time of the collision plaintiff was intoxicated.

It is further found that plaintiff's decedent and John Burkett had been drinking the evening prior to the collision; that John Burkett was the manager of Pendleton Auto Supply and that plaintiff's decedent had no expense account.

It is further found that the undisputed evidence in the record is that plaintiff's decedent was expected to entertain business associates including persons such as John Burkett in the furtherance of defendant's business.

It is further found that even if plaintiff's decedent was not instructed to drink with business associates, it is only reasonable to believe that the defendant was aware of the practice and, at the least, acquiesced in such activity.

It is further found that the defendant failed to prove that the intoxication of plaintiff's decedent was the proximate cause of the collision.

It is further found that even had the defendant proven intoxication to have been the proximate cause, that the defendant acquiesced.

It is further found that Defendant's Special Answer, filed May 6, 1983, is denied.

"It is further found that at the time of the collision, plaintiff's decedent was on his way home and was in the course of his employment.

It is further found that the plaintiff's decedent was attended by several medical vendors which vendors are statutory medical.

It is further found that the plaintiff is entitled to last expenses.

It is further found that plaintiff's decedent was survived by plaintiff, Helen Whitcomb, James Whitcomb and Robert Whitcomb, who are each presumptive dependents."

NAPA now appeals from the Full Board's decision, presenting a single issue for review: Was the Board's award contrary to law because NAPA sustained its burden of proving that Steven's death was due to his intoxication and due to the commission of the offense of driving while intoxicated?

IC 22-3-2-8 provides:

"No compensation is allowed for an injury or death due to the employee's knowingly self-inflicted injury, his intoxication, his commission of an offense, his knowing failure to use a safety appliance, his knowing failure to obey a reasonable written or printed rule of the employer which has been posted in a conspicuous position in the place of work, or his knowing failure to perform any statutory duty. *The burden of proof is on the defendant.*" (emphasis added)

The Industrial Board specifically found that decedent was intoxicated at the time of the accident with a .13% blood alcohol level. A level of .10% or more represents prima facie evidence of intoxication for the

purpose of proving that an individual is guilty of the offense of driving while intoxicated. IC 9–11–1–7 (1984 Supp.).¹ However, such a finding standing alone does not mandate the denial of compensation unless NAPA has satisfied its burden of proving that Steven's death was due to or proximately caused by his intoxication or commission of an offense. *Seagram & Sons, Inc. v. Willis* (1980), Ind.App., 401 N.E.2d 87; *DeMichaeli and Associates v. Sanders* (1976), 167 Ind.App. 669, 340 N.E.2d 796; *Motor Freight Corporation v. Jarvis* (1975), 163 Ind.App. 442, 324 N.E.2d 500, 505; Small, *Workmen's Compensation Law of Indiana*, Section 11.1, pp. 314–20 (1950 Ed.).

The Industrial Board determined without detail that NAPA failed to prove that decedent's intoxication was the proximate cause of the collision. NAPA interprets this finding as a determination that decedent's intoxication did not cause the accident. The Board's findings do not, in fact, make any determination as to what may or may not have caused the accident but do charge NAPA with failing to carry the burden of proof on their special answer.

The cases are legion in Indiana that:

"On appeal, this Court can neither determine credibility of witnesses nor weigh the evidence heard by the Board to determine for whom it preponderates and we will not disturb the Board's Findings unless the evidence is undisputed and leads inescapably to a contrary result. *See Bohn Aluminum & Brass Co. v. Kinney* (1974), [161 Ind.App. 128], 314 N.E.2d 780; *Smith v. Graver Tank & Mfg. Co.* (1973), [158 Ind.App. 431], 302 N.E.2d 852; *Williamson Company v. Review Board of Ind.* (1969), 145 Ind. App. 266, 250 N.E.2d 612; *Lockwood v. Board of Trustees* (1969), 144 Ind.App. 430, 246 N.E.2d 774; *Dormeyer Industries v. Review Board* (1962), 133 Ind. App. 500, 183 N.E.2d 351; *Blue Ribbon Pie Kitchens, Inc. v. Long et al.* (1952), 230 Ind. 257, 103 N.E.2d 205; *Warren v.*

---

1. Formerly IC 9–4–1–45 (repealed by P.L. 143–1983, SEC. 9). IC 9–11–2–1 now makes operat-

ing a motor vehicle with a .10% or more blood alcohol level a misdemeanor in and of itself.

*Indiana Telephone Co.* (1940), 217 Ind. 93, 26 N.E.2d 399; *Vonnegut Hardware Co. v. Rose* (1918), 68 Ind.App. 385, 120 N.E. 608."

*Motor Freight Corp. v. Jarvis* (1975), 163 Ind.App. 442, 324 N.E.2d 500, 503; *see also Martin v. Monsanto Company* (1975), 166 Ind.App. 5, 333 N.E.2d 828, 833; *Gentry v. Jordan* (1975), 166 Ind.App. 695, 337 N.E.2d 530, 532 ("[W]e may only reverse if reasonable men would have been bound to reach a conclusion contrary to the Board's decision."); *Anton v. Anton Interiors, Inc.* (1977), 173 Ind.App. 419, 363 N.E.2d 1286; *Penn-Dixie Steel Corp. v. Savage* (1979), 180 Ind.App. 627, 390 N.E.2d 203; *Duncan v. George Moser Leather Co.* (1980), Ind.App., 408 N.E.2d 1332; *Talas v. Correct Piping Co., Inc.* (1982), Ind., 435 N.E.2d 22.

■ The finding of the Board on NAPA's special answer is a negative finding and cannot be attacked on the ground that there was a lack of evidence to support it, as the decision being against the party with the burden of proof does not rest upon the quantum of evidence. *Wilson, Admx. v. Rollings* (1938), 214 Ind. 155, 14 N.E.2d 905 (concluding that even the fact that all of the evidence was offered by one party is of no significance in determining the weight or probative value attributed to that evidence); *Wright v. Peabody Coal Co.* (1948), 225 Ind. 679, 77 N.E.2d 116 (court found that the evidence in the case was not all undisputed and leading inescapably to the employee's entitlement to an award of compensation where the employee's testimony contained "variations and contradictions" which could have affected the weight given to such testimony to the point of outright rejection); *Scott v. Steene School Twp.* (1950), 121 Ind.App. 206, 95 N.E.2d 308; *Dooley v. Richard's Standard Service* (1969), 145 Ind.App. 470, 251 N.E.2d 449; *Creel v. Handleman Company* (1971), 148 Ind.App. 378, 266 N.E.2d 624.[2]

■ NAPA's position is that the Industrial Board's finding that NAPA failed to sustain its burden of proof on its special answer is contrary to law and must be reversed. While we acknowledge the closeness of the question, we must disagree.

NAPA relies primarily on the case of *DeMichaeli & Associates v. Sanders* (1976), 167 Ind.App. 669, 340 N.E.2d 796, to support its contention that the only evidence regarding causation is contrary to the Board's finding that NAPA failed to carry its causation burden, thus warranting a reversal of the compensation award.

In *DeMichaeli* the Industrial Board had found specifically that an inference existed that the decedent had failed to stop his vehicle at a posted stop sign or if he did stop he failed to give the right of way to an oncoming vehicle. Although the Board could not determine which of these actions the decedent had taken, the only reasonable conclusion in either instance was that the accident in which decedent was killed was due to his commission of an offense and noncompensable. The Court of Appeals reasoned in *DeMichaeli* that the Board had rejected the only reasonable inference arising from its own findings: that decedent's death was due to his commission of a misdemeanor by running a stop sign or failing to give the right of way and that compensation was therefore precluded by IC 22–3–2–8.

Unlike *DeMichaeli* there were no witnesses or other people involved in the accident which resulted in the death of Steven Whitcomb. The only evidence presented by NAPA to show causation was the blood alcohol level and the opinion testimony of a police officer who viewed the scene after the accident had occurred. The police officer indicated that in his opinion the accident was due to Steven's being under the influence of alcohol and speeding. On cross examination he indicated that his opinion was based on his visual examination of the scene, some measurements and

---

**2.** While these cases generally involve employees appealing from the Board's denial of their claim for compensation, the proper focus is upon an appeal from a negative finding as to an issue upon which the appealing party had the burden of proof.

his knowledge that Steven had a blood alcohol level of .13%.

Although the police officer was cross examined extensively concerning other possible causes of the accident,[3] no evidence was introduced that any specific cause in fact occasioned Steven to leave the road. It must also be noted that no evidence was introduced, or offered, as to what effect a .13% blood alcohol level had upon Steven or would have upon an average male of like height, weight, etc.

The question now presented is not whether this evidence was sufficient to support a conclusion that Steven's intoxication was the cause of the accident. The question is whether this evidence leads inescapably to the conclusion contrary to that determined by the Board, which was that NAPA had failed to persuade the Board that intoxication *was* the cause of the crash.

How does an appellate court review human doubt? The doubt, itself, is largely subjective. We believe or we do not. We are persuaded or we are not. Our law reposes in the fact finder the duty, and the right, to judge credibility, to weigh evidence, to believe and to doubt. In recognition of that right our standard of appellate review essentially preserves the fact finder's choice unless we are bound to say that no reasonable fact finder could rationally have reached the result in question.

It does not matter that we might have been persuaded. We cannot say that no reasonable fact finder could fail to have been persuaded; that any reasonable fact finder would have been bound to find that intoxication was indeed the cause of the accident. Therefore, no reversible error has been shown.

Since the decision is sustained upon this basis, we need not address the issue of acquiescence.

The decision is affirmed.

STATON, P.J., and HOFFMAN, J., concur.

---

3. Among the other causes suggested were: possible oncoming vehicles causing one to swerve off the road; animals running onto the road; falling asleep at the wheel of the car; and mechanical failure.