Richard A. JACKEL, Appellant
(Plaintiff Below),

v.

PETER ECKRICH & SONS, Appellee
(Defendant Below).

No. 93A02–8706–EX–227.

Court of Appeals of Indiana,
Third District.

Dec. 21, 1987.

Sherrill W. Colvin, Snouffer, Haller & Colvin, Fort Wayne, for appellant.

Edward N. Kalamaros, Thomas F. Cohen, Edward N. Kalamaros & Associates, P.C., South Bend, for appellee.

HOFFMAN, Judge.

Plaintiff-appellant Richard A. Jackel appeals the denial of his claim for the cost of prescription work shoes as an aspect of compensation for injuries he suffered during a work-related accident while employed by Peter Eckrich & Sons. The Industrial Board of Indiana (the Board) found that the cost of the prescription work shoes was speculative and would not limit or reduce Jackel's impairment.

The evidence relevant to this appeal discloses that an employee of Peter Eckrich & Sons, where Jackel worked, lost control of a large floor scrubber which tumbled down some stairs and crushed Jackel's foot. After several operations to save Jackel's foot, his treating physician, Dr. Michael Arata, determined that further operations would not relieve the malformation of the foot or the pain. Dr. Arata then prescribed custom-made footwear for Jackel to make Jackel more comfortable. Although Dr. Arata testified in his deposition that he believed Jackel would always require the prescription shoes for work, he also stated that the shoes would not limit or reduce the impairment.

On appeal Jackel maintains that the prescripton shoes are compensable pursuant to IND.CODE § 22–3–3–4 (1982) which allows an award for prospective non-curative relief that limits or reduces the extent of the impairment. As noted above, while there was evidence that the shoes were necessary to enable Jackel to work, direct testimony by Dr. Arata established that the shoes would not limit or reduce the impairment. Consequently, the Board determined that the statutory guidelines were not met.

On review this Court may not weigh evidence or judge the credibility of witnesses. *Napa/General Automotive Parts v. Whitcomb* (1985), Ind.App., 481 N.E.2d 1335, 1337. Additionally, this Court will not disturb the Board's findings unless the evidence is undisputed and leads inescapably to a contrary result. *Napa/General, supra.* Thus, Jackel's argument that in effect, Dr. Arata was testifying that the shoes would limit or reduce the impairment cannot prevail on appeal. The Board was presented with testimony contrary to Jackel's position.

Because no basis for error exists under the proper standard of review, the Board's decision is affirmed.

Affirmed.

GARRARD, P.J., and ROBERTSON, J., concur.