In the Matter of the Claim of LOUIS KATZ against A.
KADANS & COMPANY et al., Appellants.
STATE INDUSTRIAL COMMISSION, Respondent.

**Workmen's compensation — master and servant — work
involving exposure to perils of street under protection of
Workmen's Compensation Law — street risks — when chauf-
feur stabbed by insane man while driving master's car
entitled to compensation.**

1. If the work itself involves exposure to perils of the street,
strange, unanticipated and infrequent though they may be, the
employee passes along the streets when on his master's occasions
under the protection of the Workmen's Compensation Law.

2. The danger must result from the place to make it a street risk,
but that is enough if the workman is in the place by reason of his
employment, and in the discharge of his duty to his employer.

3. The danger of being struck by street brawlers, highwaymen,
escaping criminals or violent madmen is a street risk because it is
incident to passing through or being on the street when dangerous
characters are abroad.

4. A chauffeur who, while driving his employer's car on his
employer's business, was stabbed by an insane man who was being
chased through the streets, is properly awarded compensation under
the Workmen's Compensation Law on the theory that his injuries
arose out of his employment. The risk of being stabbed by an
insane man running amuck was in a peculiar sense a risk incidental
to the streets to which claimant was exposed by his employment.
(*Matter of Heidemann* v. *Am. Dist. Tel. Co.*, 230 N. Y. 305,
distinguished.)

*Matter of Katz* v. *Kadans & Co.*, 198 App. Div. 962, affirmed.

(Argued January 10, 1922; decided January 24, 1922.)

APPEAL, by permission, from an order of the Appellate
Division of the Supreme Court in the third judicial
department, entered July 8, 1921, unanimously affirming
an award of the State Industrial Commission, made under
the Workmen's Compensation Law.

*E. C. Sherwood, William B. Davis* and *Benjamin C.
Loder* for appellants. The claimant's injury did not

arise out of his employment. (*Heidemann* v. *American District Telegraph Co.*, 230 N. Y. 305; 193 App. Div. 402; *Matter of Kowalek* v. *N. Y. Cons. Ry. Co.*, 229 N. Y. 489; *Dennis* v. *White & Co.*, 1917 App. Cas. 479; *Griffin* v. *Roberson & Son*, 176 App. Div. 6; *Matter of McNicol*, 215 Mass. 497; *Brezzenski* v. *Crenshaw Eng. Co.*, 188 App. Div. 511.)

*Charles D. Newton*, Attorney-General (*E. C. Aiken* of counsel), for respondent. The accident by which the claimant received injuries arose out of and in the course of his employment. (*Leonbruno* v. *Champlain Silk Mills*, 229 N. Y. 420; *Verschleiser* v. *Stearn & Sons*, 229 N. Y. 192; *Carbone* v. *Loft*, 219 N. Y. 579; *Matter of Knocks* v. *Metal Packing Corp.*, 231 N. Y. 78; *Matter of Sassano* v. *Paino*, 226 N. Y. 699; *Matter of Heidemann*, 230 N. Y. 305; *Matter of Stillwagon*, 224 N. Y. 714.)

POUND, J. This is a workmen's compensation case. Louis Katz, the claimant, was a dairyman's chauffeur. On May 7, 1920, when he was driving his employer's car west on Canal street after delivering some cheese an insane man stabbed him. A lot of people were running after the insane man and he stabbed any one near him. The question is whether claimaint's injuries arose out of his employment.

If the work itself involves exposure to perils of the street, strange, unanticipated and infrequent though they may be, the employee passes along the streets when on his master's occasions under the protection of the statute. This is the rule unequivocally laid down by the House of Lords in England. "When a workman is sent into the street on his master's business, his employment necessarily involves exposure to the risks of the street, and injury from such a cause necessarily arises out of his employment." (FINLAY, L. C., in *Dennis* v. *White & Co.*, 1917 A. C. 479.) So we have to concern ourselves only with

the question whether claimant's accident arose out of a street risk.

Cases may arise where one is hurt in the street but where the risk is of a general nature, not peculiar to the street. Lightning strikes fortuitously in the street; bombs dropped by enemy aircraft do not expose to special danger persons in a street as distinguished from those in houses. (*Allcock* v. *Rogers*, House of Lords, 1918, 11 B. W. C. C. 149.) The danger must result from the place to make it a street risk, but that is enough if the workman is in the place by reason of his employment, and in the discharge of his duty to his employer. The street becomes a dangerous place when street brawlers, highwaymen, escaping criminals or violent madmen are afoot therein as they sometimes are. The danger of being struck by them by accident is a street risk because it is incident to passing through or being on the street when dangerous characters are abroad.

Particularly on the crowded streets of a great city, not only do vehicles collide, pavements become out of repair and crowds jostle, but mad or biting dogs may run wild, gunmen may discharge their weapons, police officers may shoot at fugitives fleeing from justice, or other things may happen from which accidental injuries result to people on the streets which are peculiar to the use of the streets and do not commonly happen indoors.

The risk of being stabbed by an insane man running amuck seems in a peculiar sense a risk incidental to the streets to which claimant was exposed by his employment. *Matter of Heidemann* v. *Am. Dist. Tel. Co.* (230 N. Y. 305) does not hold that where the street risk is one shared equally by all who pass or repass, whether in or out of employment, it should be shown that the employment involves some special exposure; that the night watchman is exposed by his employment to the risk of being shot by accident as he nears a sudden brawl which it is his duty to investigate, while the night clerk whose business brings him on the

street but whose duty is not to seek danger, is not so exposed. We decided the case before us and no other, dwelling naturally upon those features of the situation which emphasized the connection between the risk and the employment. But the fact that the risk is one to which every one on the street is exposed does not itself defeat compensation. Members of the public may face the same risk every day. The question is whether the employment exposed the workman to the risks by sending him on to the street, common though such risks were to all on the street. (*Moran's Case*, 234 Mass. 566; *Dennis v. White, supra.*)

The order should be affirmed, with costs.

HOGAN, CARDOZO and CRANE, JJ., concur; HISCOCK, Ch. J., MCLAUGHLIN and ANDREWS, JJ., dissent.

Order affirmed.