**Frank Kozdeba, Plaintiff in Error, v. Peoples Gas Light & Coke Company, Defendant in Error.**

**Gen. No. 28,747.**

WORKMEN'S COMPENSATION—*when injury from outside hazard is within act.* Injury from an explosion of a large gas tank is shown to have been a hazard, of the employment of plaintiff, an employee in a stoneyard directly across the street from the tank, and arising therefrom so as to bring such injury within the Workmen's Compensation Act and defeat plaintiff's common-law action against defendant, the owner of such tank, which together with plaintiff and his employer was subject to the act, even though the risk was common to the public also in the immediate vicinity.

Error by plaintiff to the Municipal Court of Chicago; the Hon. JOHN J. ROONEY, Judge, presiding. Heard in the second division of this court for the first district at the October term, 1923. Affirmed. Opinion filed March 11, 1924.

GEORGE B. COHEN and A. H. COHEN, for plaintiff in error.

COOKE, SULLIVAN & RICKS, for defendant in error; OLIVER R. BARRETT, of counsel.

MR. JUSTICE BARNES delivered the opinion of the court.

The judgment under review was entered for the defendant in a personal injury suit after a hearing before the court without a jury, the defendant offering no testimony.

The cause of action was predicated on negligence of defendant in permitting a gas holder to explode. Defendant denied negligence and pleaded that plaintiff had no cause of action against it, alleging that he received his injuries while engaged in the line of his duty as an employee of one Heldmaier, and that both Heldmaier and defendant were operating under the Workmen's Compensation Act.

The facts are not in question. Both Heldmaier and the Gas Company were at the time of the accident operating under the Compensation Act. Plaintiff was an employee of said Heldmaier, who had a stoneyard directly across the street from one of defendant's gas plants where the explosion took place. While he was engaged in the yard in the course of his employment at a point about two hundred feet from the gas holder the explosion took place and the gas caught fire, the flames spreading in all directions and overtaking plaintiff while attempting to escape in the street about four or five hundred feet away and burning him about the hands, arms, neck and face. The gas holder or tank was about four hundred feet in diameter and about two to three hundred feet high. Plaintiff was paid by his employer $17 compensation per week for the four weeks he was kept away from his employment by the injuries.

The court refused to hold, at plaintiff's request, as

a proposition of law, that section 6 of the Workmen's Compensation Act [Cahill's Ill. St. ch. 48, ¶ 206] had no application to the case, and that plaintiff's injuries were not sustained while in the line of his duty and did not arise out of and in the course of his employment. The main question presented here is whether that view of the law upon such a state of facts is correct, plaintiff in error contending that the Workmen's Compensation Act does not apply to the facts of the case, and that the doctrine of *res ipsa loquitur* applies and it was for the defendant to show it was not negligent.

The real question is whether or not it can be said there was a causal relation between such employment and the injury.

Plaintiff's employment required him to be in the yard out of doors at a place within one hundred and fifty to two hundred feet from defendant's plant. Situated as he was, and as the facts demonstrate, he was thus exposed, while in the line of duty, to the risk of injury from a constant and unquestioned source of danger. While the hazard was outside of and not peculiar to the class of employment in which plaintiff was engaged, yet we think it may be said to have been incident to his employment in view of the fact that he was required to perform his work so near to the plant as to be subject to injury from possible explosion of such a large body of gas, thus bringing the case within the Workmen's Compensation Act.

Plaintiff in error urges that the injury was common to the public and not incidental to the employment, and that the facts bring the case within the general rule that the risk of being injured must be one of the employment and not common to the public, and also the rule that excludes an injury which comes from a hazard to which the workman would have been equally exposed apart from the employment. Many cases where these rules were invoked are referred to in *Central Ill. Public Service Co. v. Industrial Com-*

*mission*, 291 Ill. 256. Most of them are cases where the injury was caused by the elements, and, as there said, the cases are not in entire harmony. It would be superfluous to restate their rulings and the varied state of facts to which they were applied. To be sure, the hazard in the instant case was one which confronted all in the immediate vicinity of the gas plant, for in case of an explosion the flames would naturally spread rapidly for a considerable distance from the plant. But it subjected them to a special danger and a greater degree of injury than those not so situated. As said in *Larke v. John Hancock Mut. Life Ins. Co.*, 90 Conn. 303 [12 N. C. C. A. 308], a danger may be said to be incidental to an employment which arises outside of it but subjects the employee to a greater degree of injury than those not so situated. Citing this and other cases illustrative of the rule, the court in *Central Ill. Public Service Co. v. Industrial Commission*, 291 Ill. 256, where the injury was caused by a tornado, held that if the injury from the storm was greater to the workman by reason of his employment than to the public in that vicinity, it was an injury arising out of the employment although unexpected and unusual. So here, while others in that vicinity were subject to the risk of injury from the explosion, whether passing on the street or otherwise, yet it was a continuing incident to employment in close proximity to the plant.

The rule has been applied where the proximate cause of the injury was quite as common to the public and yet held to have arisen out of the employment in which the injured party was engaged. In *Porter Co. v. Industrial Commission*, 301 Ill. 76, where an employee was struck by an automobile and injured while crossing the street to board a street car to go to his employer's place of business, it was held that the injury arose out of his employment, the court saying: "The rule is that the accident must be suffered in the course of the employment, in the doing of something

which the employee may reasonably do at any time during which he'is employed and at a place where he may reasonably be during that time to do that thing.'' In *Katz v. Kadans & Co.*, 232 N. Y. 420, 134 N. E. 330, where the business of an employee took him upon the street for the purpose of delivering cheese and the employee was stabbed by an insane man, it was held the accident arose out of the risks of the employment. A more analogous case is *Thom v. Sinclair*, in the House of Lords, [1917], A. C. 127, holding that where a woman was injured by the fall of a wall being built on property adjoining the shed of her employer where she was working, the accident arose out of her employment within the meaning of the law. It was there said that the expression ''arising out of the employment'' is not confined to the mere ''nature'' of the employment, but applies to a case where the conditions are such as to bring the workman within the zone of special danger so as to be injured, and the fact the risk may be common to all mankind does not disentitle a workman to compensation if in the particular case it arises out of the employment.

Without a further analysis of authorities, we think they support holding that under the facts of this case there was a causal connection between the condition under which the work was required to be performed and the resulting injury. That condition required the work to be performed within a zone of special danger, and it is immaterial whether the danger originated from the employment or outside of it if it was incident to working in such a place. (*Larke* case, *supra.*)

We think, therefore, that the circumstances bring this case within the provisions of the Workmen's Compensation Act, and as all the parties were operating under it, there can be no recovery in this action.

In view of this conclusion it is unnecessary to discuss whether, as contended by plaintiff in error, the collapse of the gas tank raises the presumption of neg-

ligence under the doctrine of *res ipsa loquitur*, or whether, as contended by defendant in error, plaintiff's acceptance of compensation from his employer operated as an election to take under the act and was conclusive against his right to maintain this action.

*Affirmed.*

GRIDLEY, P. J., and FITCH, J., concur.