MOWATT v. GENERAL ENGINEERING AND SALES COMPANY ET AL.

[No. 16,343. Filed February 28, 1939.]

*E. G. Sproat,* for appellant.

*William E. Hart,* and *White, Wright & Boleman,* for appellees.

LAYMON, J.—This is an appeal from an award of the Industrial Board denying appellant compensation.

A hearing was first had before a single member of the

board, who found for appellant and awarded compensation. Upon review the full board found:

"... that on February 4, 1938, the plaintiff was in the employ of the defendant at an average weekly wage of $40, that on said date plaintiff suffered accidental injuries from which he was temporarily totally disabled until June 28, 1938; that on May 25, 1938, plaintiff filed his application for the adjustment of a claim for compensation.

"And the full Industrial Board now finds by a majority of its members for the defendant on all of the other material allegations of the plaintiff's application for the adjustment of a claim for compensation."

An award was entered by the board in accordance with the finding. The error assigned is that the award is contrary to law.

Appellant earnestly contends that there is no dispute or conflict in the evidence and that it conclusively shows that appellant's disability was the result of an accident arising out of and in the course of his employment; that by reason thereof the judgment of this court should be substituted for that of the board and appellant awarded compensation. This contention requires us to review the evidence, which, so far as being pertinent to the question presented, may be summarized as follows: Appellant had been employed by appellee General Engineering and Sales Company (hereinafter referred to as appellee) as a salesman since November 1, 1937, and was so employed on February 4, 1938, at a weekly wage of $40, which included the use of the car furnished by him under his contract with appellee. On said day appellant was on his way to interview a prospective customer for appellee and was traveling in his own automobile, a four-door, five-passenger, closed sedan, when he felt dizzy or faint and attempted to stop the car. He did not succeed, and the car left the road, hitting a telephone pole and turning over. Appellant sustained in-

juries and was removed to a hospital where he was confined for five weeks. It was a chilly day, not cold enough to have the heater in operation, and the windows of the car were closed. Appellant testified that he had never fainted in his life; that he was not sick on the morning of the accident and knew of nothing which would cause him to faint; that while in the hospital he suffered from headaches constantly; that he had never been subject to headaches; that immediately prior to the accident he had driven about four or five miles with the windows of the car closed at a speed of approximately 35 miles an hour. On February 16, 1938, appellant signed a written statement in which he stated in part:

"that before I was injured in my car on February 4, 1938, I was not sick I was feeling alright until I became faint as stated in my statement of February 7, 1938. This was the only time I ever did faint in my life that I can recall. Had I not fainted I would not have hit the telephone post and had the accident. I was going about 35 miles per hour at the time.

"My car at the time I hit this post had all the windows up. . . . While I was driving along I did not smell any gas of any kind, or if I breathed any I was not aware of this fact. Why I fainted is a mystery to me."

Appellant returned to his same work on June 28, 1938, at a weekly wage of $20.

In May or June following the accident appellant had the automobile which was involved in the accident repaired. In repairing it the exhaust manifold was removed. It was discovered that the manifold was pitted with rust and that its condition was such as to permit fumes to escape from it.

The only medical evidence offered by appellant was the testimony of the physician and surgeon who treated appellant's injuries. He testified that he could find nothing in appellant's physical condition which, in his opinion, would cause fainting spells and dizziness; that

the smoky discharge from the nose, apparent when appellant was brought in, and the headaches led him to form the opinion that monoxide gas had been responsible for appellant's condition; that he had never treated a man driving a moving car in the open air who had been overcome by carbon monoxide gas; that he made no analysis of appellant's blood to determine the presence of carbon monoxide in his blood; and that he made no analysis of the smoky discharge from appellant's nose.

In disposing of the question of whether the disability complained of was the result of an accident arising out of and in the course of appellant's employment with appellee, it must be borne in mind that the burden of establishing such fact rests upon appellant; that the proof by which such burden is discharged must be based on something more than mere guess, conjecture, surmise, or possibility. Such proof, however, may be made by circumstantial, as well as direct evidence.

Furthermore, in order to reach a conclusion contrary to that of the Industrial Board, we are not permitted to weigh the evidence; nor may we disregard any reasonable inferences the board may have drawn from the facts which the evidence tends to establish. If inferences drawn by the Industrial Board from the facts proved are reasonable, they are binding upon this court, even though other inferences equally reasonable might have been drawn from the same facts. This rule, however, cannot be applied arbitrarily, but judgment must be exercised in so doing in accordance with correct and common modes of reasoning. An inference should not be drawn where sufficient facts are wanting.

Appellant, in asserting that the accident arose out of and in the course of his employment, contends that while driving his car on company business he was overcome

by carbon monoxide gas escaping from his car, and by reason thereof lost control of the automobile, whereby he sustained injuries resulting in the disability complained of. There was no direct proof of the fact that appellant, previous to or at the time of the accident, was overcome by carbon monoxide gas which escaped from his automobile. Appellant sought to establish such fact by circumstantial evidence.

In considering the evidence as a whole, as bearing upon the cause of appellant's loss of control of his car at the time of the accident, we cannot say that the facts established by the evidence would warrant the board in arriving at the conclusion contended for by appellant, to the exclusion of all others. We think the evidence is reasonably susceptible to a conclusion in harmony with that reached by the board. Under such circumstances we are not permitted to substitute our judgment for that of the Industrial Board.

Complaint is made of the failure of the board to find that appellant was in the course of his employment at the time of the accident. Such finding would avail appellant nothing in the absence of the further finding that the accident arose out of his employment.

Award affirmed.