BARTON *v.* WARNER GEAR DIVISION OF BORG-WARNER CORPORATION.

[No. 20,434. Filed May 16, 1966.]

*Archie Lapin*, of Muncie, and *Donald D. Chiappetta*, of counsel, of Indianapolis, for appellant.

*Richard W. Guthrie* and *Murray, Stewart, Irwin & Gilliom*, of counsel, of Indianapolis, for appellee.

MOTE, J.—Appellant, Darrell K. Barton, filed his application seeking compensation for disability benefits, permanent partial impairment and medical expenses resulting from an accident arising out of and in the course of his employment with appellee, Warner Gear Division of Borg-Warner Corporation, Muncie, Indiana.

Appellant asserts that on October 5, 1961, while in the course of his employment, he dropped a railroad tie on his left leg and foot, causing him to lose his first and second toenails on his left foot, and that he fell backwards, striking his back on a pile of railroad ties. About two and one-half weeks thereafter he began to have difficulty in walking, which became progressively worse. Appellant claims said condition resulted from trauma to his back caused by the said accident.

Appellee denied liability, claiming appellant's condition did not result from the injuries sustained in employment, thus giving rise to the cause of action herein.

The application of appellant was heard by a Single Member of the Industrial Board, after which there was a finding and award adverse to appellant.

Appellant then filed his application for review before the Full Industrial Board and, after a hearing thereby, the award of the Single Hearing Member was sustained.

In pertinent part the Full Industrial Board found as follows:

"That on the 5th day of October, 1961, the plaintiff was in the employ of the defendant at an average weekly wage in excess of $65.00; that on said date he sustained personal injuries by reason of an accident arising out of and in the course of his employment with the defendant, of which said accidental injury the defendant had knowledge and did furnish the statutory medical attention and supplies;

That the said accidental injury was to plaintiff's left foot and leg, sustained when he dropped a railroad tie on his left foot and leg.

It is further found that as a result of the said accidental injury plaintiff sustained no compensable temporary total disability nor permanent partial impairment.

It is further found that plaintiff is suffering from a demyelinating disorder of the spinal cord, which said condition was not caused, aggravated, or accelerated by his employment with the defendant herein;

That prior to the filing of plaintiff's Form 9 application a good faith effort was made by said parties to adjust said cause, which effort resulted in disagreement.

The full Industrial Board of Indiana now finds for the defendant and against the plaintiff on plaintiff's Form 9 application for the adjustment of claim for compensation, filed with the Industrial Board April 22, 1963, and he shall pay all costs, if any, taxed in said cause.

Dated this 13th day of July, 1965."

Appellant admits, and the record reveals, that of the three doctors testifying on behalf of defendant, all stated that they did not believe that the trauma experienced by appellant could have caused, aggravated, or accelerated the condition complained of by appellant herein.

In contradiction to this testimony the doctors testifying on behalf of plaintiff stated that the etiology of plaintiff's condition was traceable to the accident herein involved.

Appellant asserts that this contradiction of evidence raised, at the hearing conducted by the Hearing Examiner, a question that qualified medical experts could not determine. Due to this contradictory evidence, appellant claims the sequence of events clearly points to a connection between the accident and the subsequent condition either as the cause or as an accel-

erating or aggravating factor, and in ignoring this sequence of events the Hearing Examiner has disregarded the only positive, uncontroverted evidence in this matter.

As stated many times by this Court in numerous decisions of this nature, we are permitted only to consider that evidence most favorable to the appellee. *E. Rauh & Sons Fertilizer Co.* v. *Adkins, et al.* (1955), 126 Ind. App. 251, 129 N. E. 2d 358.

The record herein reveals that appellee presented competent doctors. The qualifications of each doctor were admitted and accepted by appellant's counsel, and each of these doctors was of the opinion that the condition of the appellant was not related to the accidental injury. In opposition to this testimony there is conflicting testimony which will only permit this Court to affirm the award of the Board. See *Shaffer* v. *Indiana Gas and Chemical Corporation* (1965), 137 Ind. App. 471, 209 N. E. 2d 919.

For this Court to reverse this decision merely because the condition occurred subsequent to and in close proximity with the accident involved would be to engage in an exercise in conjecture as to the causation element of this condition, basing our decision on facts which could or could not be mere circumstance.

Based on the record of this case, it is our opinion that the award is sustained by sufficient, substantial evidence of probative value and is not contrary to law; thus the award of the Full Industrial Board should be affirmed.

Smith, P. J., Bierly and Hunter, JJ., concur.

NOTE.—Reported in 216 N. E. 2d 545.