LOCKWOOD *v.* BOARD OF TRUSTEES, SPEEDWAY METHODIST CHURCH.

[No. 1268A208. Filed April 28, 1969. Rehearing denied June 11, 1969. Transfer denied October 24, 1969.]

*J. E. Gardis, Kroger, Gardis & Regas,* of Indianapolis, for appellant.

*Richard W. Guthrie, Stewart, Irwin, Gillon, Fuller & Meyer,* of Indianapolis, for appellee.

SHARP, J.—Appellant appeals a finding of the Full Industrial Board of Indiana that injuries suffered by her as a result of an automobile accident did not "arise out of and in the course of her employment" as required by the Indiana Workmen's Compensation Act of 1929 under which the action was brought.

The sole issue presented to this court is whether or not the Board's finding that the injuries did not arise out of and in the course of employment was erroneous.

The facts are not in great dispute. The testimony presented to the Board revealed that the Appellant, Pauline Lockwood, was employed at Speedway, Indiana, Methodist Church as secretary. On the day of the accident, April 27, 1965, she reported to work at 8:30 A.M. After she had arrived at the office the minister of the church asked Appellant to take him to a filling station to get his car left there for repairs. At 11:20 A.M. the Appellant and the minister left the church in a car belonging to Appellant's son and driven by the minister. After dropping the minister at the filling station, Ap-

pellant left and followed a route which would have led back to the church. However, Appellant testified that as she was traveling on Crawfordsville Road she approached an automatic traffic signal where Crawfordsville Road intersected with a road leading into Speedway Shopping Center. Appellant testified she pulled into the lefthand turn lane. Her automobile was struck by another car as she made this lefthand turn. Appellant testified with admirable candor throughout the proceeding and stated that she did not remember why she was turning into the shopping center but that in her opinion it must not have been for a personal reason. There was evidence presented that Appellant had only $2.00 on her person and that the church did not have any credit accounts with the stores in the shopping center. The Appellant testified that she often bought supplies for the church from her own funds and then reimbursed herself from petty cash. She testified further that she never went to lunch alone and that only seldom did she go out to lunch at all.

We agree with Appellant's statement that the words "arising out of and in the course of employment" in the Indiana Workmen's Compensation Act are to be given broad and liberal construction. *Standard Cabinet Co. v. Landgrave,* 76 Ind. App. 593, 132 N. E. 661 (1921). This does not, however, negate the requirement that the person seeking compensation fulfill the burden of his proof.

The Appellant argues that although she did deviate from the route back to the church, a reasonable interpretation of the evidence presented was that the deviation was for a business purpose and that even if it was a deviation for an incidental personal purpose it would still be compensable.

The difficulty with this case is the fact that had the accident occurred the instant before the Appellant began her left turn she probably would have been considered to be within the scope of her employment. A matter of a few feet and a few seconds, however, in which she made a deviation from the direct route back to the church made the Appellant's bur-

den of proof more difficult. Our Supreme Court articulated the scope of Appellate review in an appeal of a negative finding of the Board in *Wright v. Peabody Coal Co.*, 225 Ind. 679, 686, 77 N. E. 2d 116, 119 (1948):

> "It must be borne in mind that the finding of the board in this case is a negative finding and it cannot be attacked upon the ground that there is a lack of evidence to support it, as a decision against the party having the burden of proof does not rest upon the quantum of the evidence. The award of the board cannot be set aside in this case unless all the evidence is undisputed and not contradicted and leads inescapably to the sole conclusion that the appellant was entitled to an award . . ."

We do not believe that the Appellant has sustained her burden of proving that this accident arose out of and in the course of her employment. Although it is most unfortunate that her unconsciousness from the accident itself rendered her unable to remember why she was turning into the shopping center, the Industrial Board cannot guess or surmise her reason in the absence of evidence and we cannot disturb that Board's finding unless the evidence is undisputed and leads inescapably to a contrary result. *Mowatt v. General Engineering & Sales Co.*, 106 Ind. App. 345, 19 N. E. 2d 488 (1939).

The decision of the Full Industrial Board is affirmed.

Pfaff, C.J., Hoffman and White, J.J., concur.

NOTE.—Reported in 246 N. E. 2d 774.