E. GERALD SMITH *v*. GRAVER TANK & MANUFACTURING CO., A DIVISION OF ENVIROGENICS.

[No. 2-673A149A. Filed November 6, 1973. Rehearing denied December 12, 1973. Transfer denied March 14, 1974.]

432

*Samuel J. Furlin, Samuel J. Bernardi, Jr., Spangler, Jennings, Spangler & Dougherty,* of Gary, for appellant.

*Angelo A. Buoscio, Strom and Whitted,* of Merrillville, for appellee.

HOFFMAN, C.J.—E. Gerald Smith (Smith) requests judicial review of a decision of the Full Industrial Board of Indiana (Board) which awarded compensation for an injury arising out of and in the course of his employment with Graver Tank & Manufacturing Company (Graver Tank).

The pertinent findings of the Board are as follows:

"It is further found that on the 28th day of May, 1971, plaintiff while in the employ of the defendant at an average

weekly wage in excess of $95.00, sustained personal injuries by reason of an accident arising out of and in the course of his employment by said defendant, of which said accidental injury defendant had knowledge and did furnish the statutory medical attention; that the medical treatment received by plaintiff from Dr. Jose F. Serrano, and at the V.A., Hines Hospital at Hines, Illinois were not authorized by the defendant and were at the plaintiff's own expense; that plaintiff's said accidental injuries consisted of nerve and muscle damage to the right leg, groin, quadricep, knee, hip, and injury to the back;

"That pursuant to agreement approved by the Industrial Board July 12, 1971, defendant paid plaintiff twelve (12) weeks temporary total disability benefits, at the rate of $57.00 per week, beginning May 29, 1971, to August 20, 1971, on which said last mentioned date plaintiff's temporary total disability on account of said accidental injury terminated.

"It is further found that all injuries from plaintiff's accident of May 28, 1971, have now reached a permanent and quiescent state and plaintiff now has a five per cent (5%) permanent partial impairment of the right leg above the knee as a result thereof.

"That prior to the filing of plaintiff's application a good faith effort was made by said parties to adjust said claim, which effort resulted in a disagreement between the parties.

"It is further found that on the 17th day of February, 1972, plaintiff filed his Petition for Attorneys Fees Because of Employer's Bad Faith and/or Lack of Diligence, which said Petition is in the following words and figures, to-wit:

(H.I.)

and which said Petition is denied.

"The full Industrial Board of Indiana now finds for the plaintiff and against the defendant on plaintiff's Form 9 application for the adjustment of claim for compensation, filed on the 24th day of September, 1971."

The Board then made an award of five per cent permanent partial impairment to the right leg above the knee on account of such accidental injury and attorney's fees.

The assignment of errors that the award is contrary to law raises two issues:

1. Did the Board fail to make specific findings of fact regarding:
   a) Smith's temporary total disability;
   b) Smith's permanent partial impairment;
   c) Graver Tank's bad faith negotiation which would require it to pay Smith's attorney's fees?

2. Are the findings of the Board supported by sufficient evidence of probative value to sustain the decision of the Board?

## ISSUE ONE.

Smith contends that the Board failed to make specific findings of fact as to the nature of his work at the time of his injury; whether he was able to resume work of the same kind and character as that in which he was engaged at the time of the injury; the length of time Smith was absent from work as a result of the injury; whether alternative employment was tendered by Graver Tank; and whether treatment by Smith's private physician which was not provided by Graver Tank was necessary and thus compensable. The record shows that the parties stipulated that there were only three issues to be presented for determination. The above issues now raised were not presented to the Hearing Member nor the Full Board. The Board was under a duty to make specific findings of fact only on those elements in issue as set forth by stipulation of the parties. In *Transport Motor Express, Inc.* v. *Smith* (1972), 289 N.E.2d 737, at 744, 34 Ind. Dec. 42, this court stated the specific findings needed to enable an intelligent review of the Board's decision:

"[A]re those which are relevant to the contested issues, the disputed issues, which is to say, the specific facts which are basic to the ultimate facts upon which the parties have been unable to agree.

"As to the other elements of the claimant's burden of proof, the uncontested and undisputed elements, on which the Board must make a finding, it is relatively unimportant whether the facts are found specifically * * *." (Footnote omitted.)

The pertinent part of the record of the proceedings conducted before the single Hearing Member is as follows:

"MEMBER: Now let me see if I understand this. There is no question of an accident, no question about the employment, that the accident occurred in the scope of the employment. Is there any question it arose out of and in the course of his employment?

"MR. BUOSCIO [Attorney for Graver Tank]: No, no such issue as to that.

"MEMBER: No issue on notice and no issue on wages. What is the issue, permanent partial impairment and temporary total disability?

"MR. BERNARDI [Attorney for Smith]: That question, your honor, and we also have a motion for attorney fees, a request for attorney fees.

"MEMBER: The only thing, is there a question with temporary total disability or have you resolved that question?

"MR. BERNARDI: No, we haven't.

"MR. BUOSCIO: Apparently not then by what counsel says.

"MEMBER: So there is a question as to temporary total disability and there is a question as to permanent partial impairment right?

"MR. BERNARDI: Yes, sir.

"MEMBER: And there is a question you say as to attorney fees?

"MR. BERNARDI: There was a motion on attorney fees for failure to negotiate good faith negotiation, a motion was made.

"MEMBER: You're asking for additional fee?

"MR. BERNARDI: Over and above the normal ruling.

"MEMBER: Because of failure to make good faith, huh?

"MR. BERNARDI: Good faith negotiation.

"MR. BUOSCIO: There's a verified petition as to that response.

"MEMBER: Okay, are we ready to proceed?

"MR. BUOSCIO: Affirmative nod.

"MR. BERNARDI: Yes, we are.

"MEMBER: You may call your first witness."

The stipulation set forth above clearly shows that only three issues were before the Hearing Member. The same three issues were ultimately decided by the Full Industrial Board. The issue raised by this appeal, therefore, is whether the Board made specific findings of fact on the above stated stipulated issues to support the award and whether such findings were sustained by sufficient evidence of probative value.

With respect to the issue of whether Smith sustained any temporary total disability, and, if so, when such temporary total disability terminated, the Board specifically found:

> "That pursuant to agreement approved by the Industrial Board July 12, 1971, defendant paid plaintiff twelve (12) weeks temporary total disability benefits, at the rate of $57.00 per week, beginning May 29, 1971, to August 20, 1971, on which said last mentioned date plaintiff's temporary total disability on account of said accidental injury terminated."

With respect to the second issue concerning permanent partial impairment, the Board found:

> "It is further found that all injuries from plaintiff's accident of May 28, 1971, have now reached a permanent and quiescent state and plaintiff now has a five per cent (5%) permanent partial impairment of the right leg above the knee as a result thereof."

With respect to the third issue involving Graver Tank's bad faith negotiation, the Board found:

> "That prior to the filing of plaintiff's application a good faith effort was made by said parties to adjust said claim, which effort resulted in a disagreement between the parties.
>
> "It is further found that on the 17th day of February, 1972, plaintiff filed his Petition for Attorney Fees Because of Employer's Bad Faith and/or Lack of Diligence, which said Petition is in the following words and figures, to-wit: (H.I.) and which said Petition is denied."

These findings are sufficiently specific to enable this court to make an intelligent review of the Board's award. This

court has stated that the findings must encompass all of the elements within the claimant's burden of proof.

" 'In cases of affirmative awards of compensation, the Board must expressly find (1) that the workman was an employee of the defendant and was within the Act; (2) that he received an injury by accident; (3) that the accident arose out of and in the course of the employment; (4) the character and extent of the injury; and (5) the claimant's average weekly wage.' " *Transport Motor Express, Inc.* v. *Smith, supra,* at 744 of 289 N.E.2d, n.5, quoting from Small, Workmen's Compensation Law, § 12.7, at 393.

Here, the Board's specific findings of fact went far beyond mere recital of the general statutory language pertaining to the three issues which were contested.

The Board found specifically that Smith was temporarily totally disabled from May 29, 1971, to August 20, 1971, and received disability payments during this twelve week period at a rate of $57 per week and, as a result of the injury, Smith suffered a five per cent permanent partial impairment of the right leg above the knee. These findings of fact made by the Board could not be more specific. It is not necessary for the Board in its findings to state evidentiary facts presented at the hearing upon which the ultimate facts in its findings are based. *Guevara* v. *Inland Steel Co.* (1950), 121 Ind. App. 390, 95 N.E.2d 714. The Board need not set out in its findings the doctor's testimony upon which it based the five per cent figure and the length of time of Smith's temporary total disability. These findings of ultimate fact result from evidence proffered to the Board. It is within the discretion of the Board to weigh such evidence and to make its findings based upon the evidence presented. The Board has discharged its statutory duty pursuant to IC 1971, 22-3-4-7, Ind. Ann. Stat. § 40-1511 (Burns Cum. Supp. 1972), to:

"[H]ear the parties at issue, their representatives and witnesses as soon as practicable and shall make an award

and file the same with the findings of the facts on which it is based * * *."

In the case at bar, the specific findings of fact made by the Board relating to the stipulated issues are adequate to permit an intelligent review of its award.

## ISSUE TWO.

IC 1971, 22-3-4-8, Ind. Ann. Stat. § 40-1512 (Burns 1965), provides:

"Effect of award by less than full board—Appeal from award of full board—Certification of questions of law.—An award of the board, by less than all of the members as provided in section fifty-nine [§ 40-1510], if not reviewed as provided in section sixty [§ 40-1511], shall be final and conclusive.

"An award by the full board shall be conclusive and binding as to all questions of (the) fact, but either party to the dispute may within thirty [30] days from the date of such award appeal to the Appellate Court for errors of law under the same terms and conditions as govern appeals in ordinary civil actions.

"The board, of its own motion, may certify questions of law to said Appellate Court for its decision and determination.

"An assignment of errors that the award of the full board is contrary to law shall be sufficient to present both the sufficiency of the facts found to sustain the award and the sufficiency of the evidence to sustain the findings of facts.

"All such appeals and certified questions of law shall be submitted upon the date filed in the Appellate Court, shall be advanced upon the docket of said court, and shall be determined at the earliest practicable date, without any extensions of time for filing briefs.

"An award of the full board affirmed on appeal, by the employer, shall be increased thereby five per cent [5%], and by order of the court may be increased ten per cent [10%]."

The evidence must be examined to determine whether it is sufficient to support the findings of the Board.

Evidence presented by Smith and Graver Tank pursuant to the three issues to be resolved by the Board, and upon which the Board based its specific findings of fact, consisted of testimony from three doctors and Smith. There was a slight difference of medical opinion as to the length of Smith's temporary total disability and his ability to return to work at his regular occupation without physical restriction. The Board based its findings on the medical opinion of Graver Tank's doctor which was not disputed by the doctors for Smith. The medical opinions were unanimous in their estimate of Smith's injury resulting in a permanent partial impairment of five per cent of his right leg above the knee, although the exact character of the injury, and the possibility that it might grow worse was disputed. The Board's decision that there was a permanent partial impairment to the extent of five per cent was, therefore, based on medical evidence of probative value much of which was undisputed. Other evidence presented by Graver Tank, together with the medical opinions and testimony given by the Industrial Relations Manager for Graver Tank supported the Board's findings that it had made a good faith effort to resolve the dispute with Smith.

The scope of review of this court, when considering a judicial review from an award of the Industrial Board, is limited to an examination of the evidence to ascertain whether the specific findings of fact rest on evidence of sufficient probative value to sustain the Board's decision.

The Board may be reversed only:

"(1) If it should appear that the evidence upon which the Industrial Board acted was devoid of probative value; (2) That the quantum of legitimate evidence was so [9] proportionately meagre as to show that the finding does not rest upon a rational basis or; (3) That the result must have been substantially influenced by improper considerations." *Pollock* v. *Studebaker Corporation* (1952), 230 Ind. 622, at 625, 105 N.E.2d 513, at 514.

The court cannot disturb the Board's finding unless the evidence is undisputed and leads inescapably to a contrary result. *Lockwood* v. *Bd. of Tr.* (1969), 144 Ind. App. 430, 433, 246 N.E.2d 774, 775.

Only the evidence most favorable to the appellee may be considered. Where disputed evidence has been presented to the Board, this court has consistently refused to substitute its judgment for that of the Board. It has been further established that where such a conflict exists, the award of the Board will be affirmed. *Barton* v. *Warner Gear, etc.* (1966), 139 Ind. App. 77, 80, 216 N.E.2d 545, 547. The evidence upon which the Board based its specific findings of fact is of sufficient probative value to support those findings.

The award is sustained by specific findings of fact which adequately resolved all the relevant issues, and such findings of fact were supported by sufficient evidence. Therefore, the award of the Industrial Board is not contrary to law.

The award of the Full Industrial Board is affirmed.

Lybrook, J., concurs; Staton, J., concurs in result.

NOTE.—Reported at 302 N.E.2d 852.