GORDON LANDSCAPING, INC. *v.* CLIFTON L. BOWERS.

[No. 2-1273A277. Filed April 9, 1975.]

*William E. Borror, Hunt, Suedhoff, Borror, Eilbacher & Lee,* of Fort Wayne, for appellant.

*Edgar A. Grimm, Grimm & Grimm,* of Auburn, for appellee.

SULLIVAN, P.J.—Appellant, Gordon Landscaping, Inc. (Employer), appeals an Industrial Board award in favor of appellee, Clifton L. Bowers (Employee).

Briefly, the facts most favorable to the Employee are as follows:

In 1964, Employee sustained a back injury requiring a myelogram, laminectomy and spinal fusion. On October 3, 1971, Employee fractured his pelvis while performing employment related services for Employer. Following a single member hearing, Employee, on May 22, 1973, was awarded permanent partial impairment benefits of eighty weeks and two weeks of temporary total disability benefits as compensation for what was determined to be a 16% permanent partial impairment resulting from the 1971 pelvic injury. On November 29, 1973, the Full Board adopted the award of the single hearing member.

The sole issue presented for our consideration is whether there is evidence supportive of the Board's finding of 16% permanent partial impairment.

The Board's findings, in pertinent part, state:

"That the plaintiff was off work in excess of 26 weeks and unable to perform his work; that the plaintiff is entitled to receive two weeks additional temporary total disability payments.

It is further found that plaintiff's injuries have reached a permanent and quiescent state as a result of the accidental injury received by the plaintiff on October 3, 1971 and that the plaintiff has suffered a permanent partial impairment to the body as a whole to the extent of 16%, and that as a result of his prior injury to his back in the year 1963, he suffered a 15% permanent partial impairment so that he presently is impaired to the extent of 31%."

The source of Employer's contention stems from conflicting medical opinions proffered by two physicians. Dr. Cattell, an orthopedic specialist, testifying by deposition on behalf of Employee, stated that in his opinion, Employee had, on October 3, 1972 the date of examination, a 35% partial permanent impairment of the body as a whole, and that such percentage included impairment attributable to both his spinal injury of 1964 and the pelvic injury of 1971. He estimated 20% to 25% of the impairment resulted from the 1971 pelvic injury.

Dr. Richard Stauffer, an orthopedic specialist and the Employee's treating physician, testified by deposition on behalf of Employer, and stated that Employee's permanent partial impairment at the "present" time from all conditions was 10-15%. Stauffer, however, also testified that "the fifteen percent I'm giving him is from his accident. Whatever he had from his back spinal fusion and disc surgery before would have to be added on to that."

The medical evidence regarding the degree of impairment is confusing and conflicting. However, this court has a limited scope of review when considering an appeal from the Industrial Board. The Board's finding will not be disturbed

unless the evidence is undisputed and leads conclusively to a result contrary to that reached by the Board. *Pollock* v. *Studebaker Corp.* (1952), 230 Ind. 622, 105 N.E.2d 513; *Smith* v. *Graver Tank & Manufacturing Co.* (1973), 158 Ind. App. 431, 302 N.E.2d 852; *Lockwood* v. *Bd. of Trustees, Speedway Methodist Church* (1969), 144 Ind. App. 430, 246 N.E.2d 774; *Indiana Car & Equipment Co.* v. *Celotto* (1919), 69 Ind. App. 341, 121 N.E. 834. Moreover, the court, on appeal, will not weigh disputed and conflicting evidence. *Smith* v. *Graver Tank & Manufacturing Co., supra; The Studebaker Corp.* v. *Jones* (1937), 104 Ind. App. 270, 10 N.E.2d 747.

In the instant case there is substantial evidence of probative value supportive of the Board's finding. The estimates of total impairment ranged from 10% (Stauffer) to 35% (Cattell); and the estimates of impairment attributable to the October 1971 accident ranged from 15% (Stauffer) to 25% (Cattell). The Board's finding of 31% total impairment and 16% impairment from the October, 1971 accident is well within the evidence. This court will not reject the finding.

The award of the Industrial Board is affirmed and is hereby ordered increased ten percent (10%).

Buchanan and White, JJ., concur.