**WAYNE ADAMS BUICK, INC.,**
**Defendant-Appellant,**

v.

**Lucille FERENCE, Plaintiff-Appellee.**

**No. 2–1280A395.**

Court of Appeals of Indiana,
First District.

June 16, 1981.

Rehearing Denied July 23, 1981.

734

Samuel J. Furlin, Spangler, Jennings, Spangler & Dougherty, P. C., Merrillville, for defendant-appellant.

Richard F. Benne, David E. Wickland, Munster, for plaintiff-appellee.

NEAL, Presiding Judge.

This is an appeal by defendant-appellant Wayne Adams Buick, Inc. (Employer) from an award by a majority of the Full Industrial Board of the State of Indiana (Board) granting workmen's compensation to plaintiff-appellee Lucille Ference (Employee).

We affirm.

## STATEMENT OF THE FACTS

The undisputed evidence discloses that on November 22, 1978, Employee was employed as a bookkeeper and title clerk for Employer whose place of business was located at the corner of Grand and Michigan Avenues in East Chicago, Indiana. At approximately 4:50 p. m. on that date, Employee delivered the company mail, which was one of her routine duties, to a large standup mail box situated across Michigan Avenue. After depositing the mail she would go home. As usual, she had telephoned her husband to pick her up across the street by the mail box. On days when she had no mail to post she would wait in the Company office until her husband arrived at 5:00 p. m. to pick her up in front of Employer's premises. Upon calling her husband and telling her supervisor, Mr. Carter, she was leaving, Employee left, the mail in her hand, and crossed Michigan Avenue to the mail box. She opened the mail box with her left hand and dropped the mail in it with her right hand. Before she had a chance to turn away or had only partially turned, Employee was hit by two muggers who knocked her down and stole her purse, which incident caused the injuries complained of. Upon posting the mail Employee's days work was finished, and she then would wait for her husband to drive her home. She had intended, as was usual in cold or inclement weather, to wait in the nearby drugstore. As relevant here, the Board made findings of fact and conclusions of law which were essentially as stated above. By agreement of the parties the trial before the single hearing member was on the issue of liability only.

## ISSUES

The Employer's sole assignment of error is that the award of the Board was contrary to law. It presents three arguments essentially as follows:

I. Employee was, at the time of the injury, finished with her days work, and the accident was not in the course of her employment;

II. That the assault was by a third person for the purpose of stealing Employee's purse, and, therefore, the injury did not arise out of the employment; and

III. The Board's recital of a stipulation and evidence is erroneous.

## DISCUSSION AND DECISION

If the award of the Full Industrial Board is based upon competent evidence, it will not be reversed on appeal. It is the duty of the Board to weigh the evidence and draw reasonable inferences from the facts. In order to reach a contrary conclusion we may not disregard any reasonable inferences drawn by the Board from the facts that the evidence tends to prove. When reviewing the record, we are required to disregard all evidence which is unfavorable to the findings of the Board and consider only those facts and those reasonable inferences which support such findings. *Lincoln et al. v. Whirlpool Corporation*, (1972) 151 Ind. App. 190, 279 N.E.2d 596.

*Issue I. Course of employment*

Ind.Code 22–3–2–2 requires the accident to be in the course of and arise out of the employment before compensation will be awarded. An accident occurs in the course of the employment when it takes place within the period of the employment, at a place where the employee may reasonably be, and while he is fulfilling the duties of his employment, or is engaged in doing something incidental thereto. When an employee is directly engaged in doing, in an authorized manner, an act for which he is expressly or impliedly employed, he is in the course of his employment. *Tom Joyce 7 Up Company v. Layman*, (1942) 112 Ind.App. 369, 44 N.E.2d 998. An excursion or devia-

tion from employment for employee's personal matters will effectively deny any compensation for injuries therein incurred. *Lockwood v. Board of Trustees, Speedway Methodist Church,* (1969) 144 Ind.App. 430, 246 N.E.2d 774; *KCL Corporation, etc. v. Pierce, A/K/A Wernsing,* (1967) 141 Ind. App. 120, 226 N.E.2d 548; *Prudential Life Insurance Company of America v. Spears,* (1954) 125 Ind.App. 21, 118 N.E.2d 813. Going and coming to work, without more, is not in the course of employment. *Noe et al. v. Fargo Insulation Co., Inc.,* (1965) 139 Ind.App. 151, 204 N.E.2d 883. *Biel, Inc. v. Kirsch,* (1958) 240 Ind. 69, 159 N.E.2d 575. However, the rule is if an employee, though injured on the way home, was engaged in the performance of a duty incidental to the nature of the employment, he was acting within the scope of his employment. *Noe, supra.*

██ But Employer, here, contends that upon dropping the letters in the mailbox Employee had finished for the day, no longer acting within the scope of her employment. She was free to go where she would for she no longer was in the course of her employment at the precise moment of attack. We are of the opinion that the holding in *Payne, Director General of Railroads v. Wall,* (1921) 76 Ind.App. 634, 132 N.E. 707, is dispositive. In that case, at the end of his shift, the plaintiff quarrelled about work with the man on the next shift. The plaintiff then stopped working to fill out his work sheet. Subsequently, they quarrelled further. Plaintiff started to leave, and his successor threw a piece of coal which struck plaintiff on the head, severely injuring him. The court, in affirming the compensation award to plaintiff, said:

"This court has held that in the application of the Workmen's Compensation Act ..., a servant's employment is not limited 'to the exact moment when the workman reaches the place where he is to begin his work, or to the moment when he ceases that work. It necessarily includes a reasonable amount of time and space before and after ceasing actual employment, having in mind all the circumstances connected with the accident. Whether an employe, in going to or returning from the place of his employment, is in the line of his employment, is governed and controlled by the particular circumstances and facts of each case. There must however, be a line beyond which the liability of the employer cannot continue. Where that line is to be drawn is usually a question of fact.' *Indian Creek, etc., Co. v. Wehr* (1920), 74 Ind. App. 141, 128 N.E. 765. Under this rule it is clear that we would not be warranted in disturbing the finding in the instant case, that appellee received his injuries by an accident in the course of his employment."

76 Ind.App. at 636–37, 132 N.E. 707. *See also Reed et al. v. Brown et al.,* (1958) 129 Ind.App. 75, 152 N.E.2d 257; and *Indian Creek Coal and Mining Company v. Wehr, et al.,* (1920) 74 Ind.App. 141, 128 N.E. 765, where compensation was awarded to a man injured after work while running after a company work train to go home. *See also Jeffries et al. v. Pitman-Moore Company et al.,* (1925) 83 Ind.App. 159, 147 N.E. 919, where an employee was killed within minutes of work time going to work on a private road of employer prepared for access and egress of employees to the plant.

We are of the opinion that the Board was justified in finding that Employee remained in the course of her employment until she had clearly and irrevocably embarked upon a course of conduct incompatible with her work and indicating personal business. Employee was hit almost simultaneously with the posting of the letters.

*Issue II. Injury arising out of employment*

██ Employer argues that insomuch as the attackers robbed Employee only of her personal purse the injury did not arise out of the employment. Employer is correct in its assertion that ordinarily an assault by a third person not connected to the employment cannot be considered incidental to the employment. A personal squabble with a third person culminating in an assault is not compensable. *Davies et al. v. Robinson,* (1932) 94 Ind.App. 104, 179 N.E. 797; *Mer-*

chantile-Commercial Bank Receiver et al. v. Koch et al., (1925) 83 Ind.App. 707, 150 N.E. 25; *Lincoln, supra.* However, where the assault is one which might be reasonably anticipated because of the general character of the work, or the particular duties imposed upon the workman, such as a baking route salesman who carried money and was shot and robbed, or a night watchman killed by intruders, such injuries and death may be found to arise out of the employment. *National-Helfrich Potteries Co. v. Collar,* (1939) 107 Ind.App. 225, 23 N.E.2d 620; *Hunt et al. v. Gutzwiller Baking Co.,* (1937) 104 Ind.App. 209, 9 N.E.2d 129. Under this doctrine it can be logically asserted that a bookkeeper on the street with company mail could be a target for hoodlums who may believe the mail might contain valuables.

However, a more applicable doctrine is dispositive. It is referred to as the "peril of the street" doctrine and was recited in *Kiddie Knead Baking Company et al. v. Bolen,* (1938) 106 Ind.App. 131, 17 N.E.2d 477.

" 'If a servant in the course of his master's business has to pass along the public street, whether it be on foot or on a bicycle, or on an omnibus or car, and he sustains an accident by reason of the risk incidental to the streets, the accident arises out of as well as in the course of his employment.... Thus use of the streets by the workman merely to get to or from his work of course stands on a different footing altogether, but as soon as it is established that the work itself involves exposure to the perils of the streets the workman can recover for any injury so occasioned.' "

106 Ind.App. at 136, 17 N.E.2d 477. *See Empire Health, etc., Ins. Co. v. Percell,* (1921) 76 Ind.App. 551, 132 N.E. 664; *Small, Workmen's Compensation of Indiana,* § 6.4 (1950).

*Kiddie Knead, supra,* was followed by *Burroughs Adding Machine Company v. Dehn,* (1942) 110 Ind.App. 483, 39 N.E.2d 499, where the court permitted compensation to a salesman who had received injuries from unknown causes. The court noted that while Indiana courts have recognized the street peril doctrine, they have not defined "risks incidental to the street." However, the *Burroughs* Court quoted approvingly such a definition contained in the New York case of *Matter of Katz v. Kadans & Co.,* (1922) 232 N.Y. 420, 134 N.E. 330, where an award was affirmed in favor of a chauffeur who had been stabbed by an insane man while the chauffeur was on an errand for his employer. The court said:

"The danger must result from the place to make it a street risk, but that is enough if the workman is in the place by reason of his employment, and in the discharge of his duty to his employer. The street becomes a dangerous place when street brawlers, highwaymen, escaping criminals or violent madmen are afoot therein as they sometimes are. The danger of being struck by them by accident is a street risk because it is incident to passing through or being on the street when dangerous characters are abroad.

Particularly on the crowded streets of a great city, not only do vehicles collide, pavements become out of repair and crowds jostle, but mad or biting dogs may run wild, gunmen may discharge their weapons, police officers may shoot at fugitives fleeing from justice, or other things may happen from which accidental injuries result to people on the streets which are peculiar to the use of the streets and do not commonly happen indoors."

134 N.E. at 331

The street peril doctrine has been variously applied. In 1 *Larson's, Workman's Compensation Law,* § 9.10 (1978) the following analysis is presented:

"The rules that have been followed on street injuries can be classified under three headings: (1) the earliest and strictest application of the increased-*and* peculiar-risk test, which resulted in denials in all cases, on the theory that the *nature* of the hazard was common to all; (2) the increased-(but not peculiar) risk test, under which those classes of employees whose duties carried them into the

street more often than ordinary people were allowed compensation for street injuries, on the theory that while the *kind* of exposure was common to the public, the *degree* of exposure was increased; and (3) the actual-risk test, under which it is immaterial even whether the degree of exposure is increased, if in fact the employment subjected the employee to the hazards of the street, whether continuously or infrequently."

The latest Indiana case is *Crites v. Baker*, (1971) 150 Ind.App. 271, 276 N.E.2d 582. The plaintiff was a driver of a garbage truck. While sitting in the truck awaiting the return of fellow workmen with gasoline, he was struck and injured by an apple thrown by a ten year old boy from the window of a passing school bus. The court permitted the recovery of compensation on the street peril doctrine, and commented on the increased risk factor. However, it is difficult to discover in *Crites* any risk different from that which any motorist, in the same position, would encounter. It would seem that this case would fall under the actual risk test, number (3) quoted above. In *Small, supra*, the actual risk test is considered the better, modern view. *Larson, supra*, calls it a majority view. In reading the cases cited by *Small, supra*, the holdings recognize the actual risk test which has been adopted in Indiana, as shown by *Burroughs, supra*, and *Crites, supra*. In those cases, the courts have permitted recovery to employees injured while driving or riding in motor vehicles on highways; and the courts have shown no concern for whether the employees' exposure to danger is greater than that of the public at large. A more recent case is *Indiana Toll Road Commission v. Bartusch*, (1962) 135 Ind.App. 123, 184 N.E.2d 34. There, an employee, being measured for a uniform on his day off, was injured while returning home. *See also Lockwood, supra; Burroughs, supra.*

We are guided by the rule as set forth in *Larson, supra*. That is the actual risk test, under which it is immaterial whether the degree of exposure to street risk is increased, if in fact the employment subjected the employee to the hazards of the street, whether continuously, or infrequently.

As stated in *Katz, supra*, personal assault is within the rule. The danger of personal assault on the streets of our major cities is one of the pressing problems of our day. An assault arises out of the employment where there is a causal connection between it and the performance of some service of the employment. Causal relation is established when the accident arises out of a risk which a reasonably prudent person might comprehend as incidental to the employment at the time of entering into it. *Tom Joyce 7 Up Company, supra*. Assault and robbery of employees in their place of business, or on the streets, or in their cars, while performing tasks or duties for employers are common. A reading of Indiana cases discloses that recovery for injuries caused by third party fault is not only common, but also universal for employees who use the highways. Ind.Code 22–3–2–13 (Supp.1977) provides for options and subrogations for negligence claims against third parties.

In conclusion, we are of the opinion that when Employee went onto the streets in East Chicago to mail Employer's letters, and was mugged, her injury arose out of her employment.

*Issue III. Erroneous recital of stipulations and summary of evidence*

The single hearing member's decision stated, in part, that the parties had stipulated as follows:

"The parties further stipulated that plaintiff was assaulted by two (2) unknown assailants immediately after placing the daily mail in the mailbox."

Employer·complains that the actual stipulation is as follows:

"We can stipulate that I believe it was two young men knocked her down to take her purse on November 22, 1978, and that's how she got her injury to her right elbow."

Employer further claims that the single hearing member's recital of the evidence is erroneous in that such recital had Employee having a discussion with her supervisor, John Cioroianu, when the evidence shows that the discussion was with Mr. Carter, Employer further claims that the time when Employee had left Employer's premises is stated incorrectly.

Employer argues that these errors are material to the matter of whether the assault was work-related or personal. Because we base our decision on the street peril doctrine, these supposed errors are immaterial and harmless.

Judgment affirmed.

ROBERTSON and RATLIFF, JJ., concur.