**NORTH CLARK COMMUNITY HOSPITAL, Appellant (Defendant Below),**

v.

**Wanda GOINES, Appellee (Plaintiff Below).**

**No. 93A02–8903–EX–128.**

Court of Appeals of Indiana, Third District.

Oct. 23, 1989.

Rehearing Denied Jan. 10, 1990.

Richard T. Mullineaux, Mary M. Nord, Railing & Mullineaux, New Albany, for appellant.

Tim Reidinger, New Albany, for appellee.

HOFFMAN, Judge.

Defendant-appellant North Clark Community Hospital (Hospital) appeals from the decision of the Full Worker's Compensation Board of Indiana awarding compensation for temporary total disability sustained by plaintiff-appellee Wanda Goines. The findings of fact adopted by the Worker's Compensation Board are summarized below.

Goines was employed by the Hospital as a nurse's aide. One of Goines' duties was to take the vital signs of patients assigned to her area. On February 27, 1986, Goines entered the room of a female patient whose husband was visiting her at the time. After performing her assigned tasks, Goines left the room, and the patient's husband shut the door behind her. Immediately thereafter, Goines heard two gunshots. Goines assumed, correctly, that the visiting husband had shot the patient, and then he had shot himself. Upon hearing the gunshots, Goines "froze" and was required to be escorted to another area of the Hospital.

After witnessing the homicide/suicide, albeit only with the auditory sense, Goines became extremely depressed. The depression was determined to be causally related to the shooting incident. Additionally, the mental condition was found to be incidentally related to Goines' employment. The Worker's Compensation Board concluded that Goines was entitled to benefits.

On appeal, the Hospital raises two issues:

(1) whether the decision of the Worker's Compensation Board is contrary to law, because there was no causal connection between Goines' injury and her employment; and

(2) whether the findings of fact adopted by the Worker's Compensation Board failed to support its conclusion that Goines was entitled to compensation.

The Worker's Compensation Act provides for the payment of benefits "for personal injury or death by accident arising out of and in the course of the employment." IND. CODE § 22–3–2–2 (1988 Ed.). In determining whether an injury arises out of the employment, the critical question becomes whether a causal connection exists between the accident and the employment. *Prater v. Ind. Briquetting Corp.* (1969), 253 Ind. 83, 87, 251 N.E.2d 810, 812. A causal connection is found to exist when:

" '... the accident arises out of a risk which a reasonably prudent person might comprehend as incidental to the employment at the time of entering into it, or when the facts show an incidental connection between the conditions under which [the] employee works and the injury.' " *Id.* at 88, 251 N.E.2d at 812 (quoting *Lasear, Inc. v. Anderson et al.* (1934), 99 Ind.App. 428, 434, 192 N.E. 762, 765).

To ascertain whether there is a causal relation between the accident and the employment, the following factors should be considered: the actual situs of the accident; the conditions and circumstances existing at the time of the accident; the type of activity in which the claimant was engaged when injured, and its relationship to his or her duties as an employee; and the reason-

ableness of the act in relation to the sum total of conditions and circumstances constituting the work setting. *Prater, supra,* 253 Ind. at 89, 251 N.E.2d at 813. In the instant case, Goines was injured at the Hospital where she was employed while performing tasks which were included in her job responsibilities. The Worker's Compensation Board found an incidental relationship between Goines' injury and her employment.

■ The Hospital contends that no causal relationship could be found to exist, because the shooting incident was not directed at Goines. According to the Hospital, there must be a showing that the particular stimulus was directed at the employee if the employee seeks compensation for a mental injury. The Indiana Supreme Court has rejected the rationale that additional causation requirements should be imposed when the injury for which benefits are sought is a mental condition.

"Whether the injury is mental or physical, the determinative standard should be the same. The issue ... is simply whether the injury arose out of and in the course of employment.

\*    \*    \*    \*    \*    \*

The nature of the injury, including an aggravation or triggering of a pre-existing injury, must be such that injury or aggravation is shown to 'arise out of and in the course of employment,' that is, to be causally connected with the employment." *Hansen v. Von Duprin, Inc.* (1987), Ind., 507 N.E.2d 573, 576.

As an alternative argument, the Hospital draws an analogy between the instant case and worker's compensation cases involving assaults by third parties. As the Hospital emphasizes, an assault by a third person not connected to the employment is generally not considered incidental to the employment. *See Wayne Adams Buick, Inc. v. Ference* (1981), Ind.App., 421 N.E.2d 733, 736. However, the harm is compensable if its risk is increased because of the particular nature of the claimant's job. *See id.* at 737; *see also* 1 A. Larson, The Law of Workmen's Compensation

**32**

§ 11.11(a) (1985). For example, jobs that expose the employee to increased and indiscriminate contact with the public have been held to subject the employee to a special risk of assault. Larson, *supra*, at § 11.11(a). Goines' position as a nurse's aide fell within that category of jobs. Goines' associations were not restricted to doctors, nurses and other personnel of the Hospital; she was in regular contact with patients and visiting members of the general public. Thus analogizing between the shooting incident overheard by Goines and an assault by a third person does not change the outcome of the instant case.

■ For its second appellate issue, the Hospital asserts that the findings of fact adopted by the Full Worker's Compensation Board fail to support the conclusion that Goines was entitled to benefits. Specifically, the Hospital maintains that the Board did not find a causal connection between Goines' injury and her employment.

The Board found that Goines' condition was incidentally related to her employment. Such a finding is sufficient to establish the existence of a causal relationship. *See Prater, supra,* 253 Ind. at 88, 251 N.E.2d at 812. Although the Board acknowledged that the shooting incident was not ongoing, was not directed at Goines, and was not an incident in which the Hospital acquiesced, those observations did not undercut the finding of a causal connection.

The award of compensation for temporary total disability sustained by Goines is affirmed.

STATON and BAKER, JJ., concur.